**UNITED STATES of America**

v.

**William B. BENNETT and Shirley Seaborn, Defendants.**

United States District Court
S. D. New York.
April 1, 1958.

On Motion for Further Bill of
Particulars April 17, 1958.

---

Paul W. Williams, U. S. Atty., James R. Lunney, Asst. U. S. Atty., New York City, for U. S.

Krieger & Krieger, New York City, for defendant William B. Bennett.

CASHIN, District Judge.

Items I and II of the motion are denied. Defendant Bennett has no standing to demand dismissal of a count in which he is not charged with commission of an offense. The allegation of overt act 3 of the Fourth Count of the indictment is obviously proper. The fact that the co-conspirator whose act is alleged therein has already pleaded guilty, is immaterial. The overt act is alleged to have been in furtherance of the conspiracy. Even though the co-conspirator has pleaded guilty, the Government must, of course, plead and prove an overt act. The act of the co-conspirator may be proved as the necessary overt act and so is properly included in the indictment.

Item III is also denied. Fed. Rules Crim.Proc. Rule 16, 18 U.S.C.A., is not available at the instance of a defendant to obtain a copy of his own statement given to government agents. United States v. Peltz, D.C.S.D.N.Y. 1955, 18 F.R.D. 394; United States v. Schenker,

D.C.S.D.N.Y., Cr. 154–235, decided March 5, 1958.

With respect to the demand for a bill of particulars (Item IV), the following disposition is made:—

Items A1 and B1 are granted in that the United States Attorney must specify the exact date when it is charged the offenses took place. The exact time of day need not be specified.

Items A2, A3, A5 and A7; B2, B3, B5 and B7 are granted. Items A4 and A8; B4 and B8 are denied. Cf. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. Vasquez, D.C.S.D.N.Y., 25 F.R.D. 350; United States v. Wing, et al., D.C.S.D.N.Y., Cr. 154–309, decided February 4, 1958.

■ Item C1 is denied. Direct proof of the entry of any particular person into the conspiracy is not necessary. Participation in the conspiracy can be proved circumstantially even if the precise date of the entry into the conspiracy of a defendant is unknown. Ordering specification of something that the Government may not even know, would certainly be unduly burdensome.

Item C2 is also denied. It is assumed that by this demand defendant wishes to know when the agreement took place. This item is disposed of on similar reasoning to Item C1.

Item C3 is denied.

Items C4 and C5 are granted.

It is so ordered.

On Motion for Further Bill of Particulars

Defendant Bennett's motion for a further bill of particulars is denied. The answers to items A–2, C–4 and C–5, incorporated in the bill served and filed in accordance with the prior order of the Court, are sufficiently responsive.

■ It has been pointed out by counsel for the moving defendant that items A–6 and B–6 were not specifically passed upon in my prior Memorandum. These items request information as to whether the person or persons to whom the defendant Bennett is charged to have transferred the narcotic drug, first transferred the drug to Bennett. The only possible issue on which this information could be relevant is that of entrapment. Since the defense of entrapment admits that the acts charged have occurred, if entrapment is to be the defense, defendant Bennett is already aware of the particulars requested of the United States Attorney. Thus, no function would be served by granting the requests, and they are accordingly denied.

■■ Defendant Bennett also asks, in effect, reargument of this motion insofar as the denial of item C–2 of the demand is involved. Item C–2 requests a bill of particulars as to "the exact place where it is alleged the conspiracy took place". The position of defendant Bennett is that, since the United States Attorney consented to the granting of item C–2, the Court had no choice but to order the bill with regard to that item. I do not, however, agree with this position. As indicated in my original Memorandum it was necessary to indulge in an assumption to determine what precisely was requested by the demand. However, the demand could as easily be interpreted to require the Government to specify the various places where the conspiracy could have been said to exist, whether through the physical presence of any of the conspirators during the period of the conspiracy or through the fact that any overt act had been performed at any particular place. Since the demand was open to these various interpretations, it could not be determined what the United States Attorney had agreed to. Enforcement of an order so loosely worded would, in any event, be well nigh impossible. Despite any agreement that might have been made between the parties, the Court certainly has the power to refrain from issuing orders which it cannot enforce.

The motion is disposed of as indicated above.

Settle order.