**UNITED STATES of America**

v.

**Carmelo TIRADO et al., Defendants.**

United States District Court
S. D. New York.
July 22, 1958.

Arthur H. Christy, U. S. Atty., for Southern District of New York, New York City, John D. Calandra, Asst. U. S. Atty., New York City, of counsel, for United States.

Krieger & Krieger, New York City, for defendant Carmelo Tirado.

DIMOCK, District Judge.

Defendant Tirado, in this prosecution for unlawful transfer of narcotics, asks for an order "Requiring the United States Attorney to produce and permit the defendant, Carmelo Tirado, to inspect and analyze the alleged narcotic drugs set forth in each count of the Indictment and to inspect and copy the laboratory report as to the same."

■ So far as the laboratory report is concerned, it does not differ from the statement of any other nonparty witness. It is not covered by Rule 16, F.R.Crim.P., 18 U.S.C. because not "obtained from or belonging to the defendant or obtained from others by seizure or by process". It is not covered by Rule 17(c), F.R. Crim.P., because not in itself evidence. United States v. Iozia, D.C.S.D.N.Y., 13 F.R.D. 335, 338.

■ The alleged narcotic drugs themselves present a more difficult question. Defendant cannot get what he wants under Rule 17(c) because Rule 17(c) would not permit chemical analysis on behalf of defendant. The question is whether the drugs come within the words of Rule 16 "obtained from or belonging to the defendant or obtained from others by seizure or by process".

■ Of course, the defendant makes no admission that the drugs were obtained from him. I think, however, that the drugs come within the description of objects "obtained from or belonging to the defendant or obtained from others by seizure or by process". The Government in its brief said, "The narcotics which are the subject of this indictment were transferred by the defendant to other persons and were not obtained by the Government from this person by 'seizure or process' ". If the person to whom defendant is alleged to have transferred the narcotics was in the employ of the Government I think that it could be said that

the narcotics were "obtained from" the defendant within the meaning of the rule. Let us assume, however, that the person to whom defendant is alleged to have delivered the narcotics was not acting for the Government. It is fair to assume from the Government's brief that the alleged narcotics are in possession of the Government. Could they have been obtained by the Government otherwise than by seizure or process, as those words are used in the rule?

■ These words "or obtained from others by seizure or by process" were inserted as a complete phrase for the first time in the third and final draft of Rule 16. The purpose of the addition of the phrase was to give to the defendant access to material obtained by the Government by exercise of its sovereign powers in addition to access to material which had been obtained from or belonged to the defendant. Those sovereign powers give the Government an advantage possessed by no private litigant, the right to seize material which would otherwise be available to defendant and to deprive him of making use of it in preparation of his case.

■ It was to put the parties on an equal footing in this respect that the defendant was given the right to the production of material "obtained from others by seizure or by process". If those words do not include the contraband narcotics in this case, the parties will not have been placed upon an equal footing. The Government may prepare its chemical evidence at its leisure while defendant, when the narcotics are offered in evidence at the trial must, if he wishes to obtain his own evidence as to their character, make arrangements in the midst of the trial for analysis by his experts. Defendant will have been put to that disadvantage by the fact that the possession of the drugs by the Government is lawful and possession by anyone else unlawful. See Trupiano v. United States, 334 U.S. 699, 710, 68 S.Ct. 1227, 92 L.Ed. 1663; see also Internal Revenue

Code, §§ 4733 and 7302, 26 U.S.C. §§ 4733, 7302.

 No matter what form the transaction takes when possession of contraband passes from unlawful custody to the lawful custody of the Government the transaction is a seizure within the intent of Rule 16. I therefore direct that the narcotics be submitted for analysis on behalf of defendant. Proper safeguards must be worked out and suggested at the time of the settlement of an order upon this motion.