**UNITED STATES of America,**

v.

**Rafael LOPEZ, Defendant.**

United States District Court
S. D. New York.
June 29, 1960.

Albert J. Krieger, New York City, Theodore Krieger, New York City, of counsel, for defendant.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Paul J. Curran, Asst. U. S. Atty., New York City, of counsel, for the United States.

McGOHEY, District Judge.

An indictment in four counts charges defendant with three substantive violations of the narcotics laws and with conspiracy to violate them. Defendant now moves for discovery and inspection, under rule 16, Fed.Rules Crim.Proc. 18 U.S. C.A. of his unsigned statement and of the narcotics here involved. He moves also under rule 7(f) for a bill of particulars.

█ The motion to inspect defendant's statement is denied as outside the scope of rule 16. United States v. Cohen, D.C., 15 F.R.D. 269, 272; United States v. Peltz, D.C., 18 F.R.D. 394; United States v. Kiamie, D.C., 18 F.R.D. 421; United States v. Gogel, D.C., 19 F. R.D. 107. The motion to inspect the narcotics is granted. United States v. Tirado, D.C.S.D.N.Y., 25 F.R.D. 270; United States v. Fanfan, S.D.N.Y., C 156–192. The government's argument that defendant has no standing to make this motion unless and until he admits possession of the narcotics overlooks defendant's right to maintain inconsistent defenses.

With regard to each of the three substantive counts, the requested bill of particulars seeks seven identical items.

The government has consented to give the approximate time, date and place in reply to requests 1 and 2 and that is sufficient. In response to request 5, government counsel stated on oral argument that the person to whom defendant is alleged to have sold the narcotics is a federal narcotics agent who will appear and testify at the trial. Accordingly, the government argues, it ought not be required to divulge further evidentiary matter in reply to requests 3 to 7.

Request number 3 must be answered. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. Tirado, supra.

Requests numbers 4 and 6 are denied. United States v. Angelet, D.C.S.D.N.Y. 26 F.R.D. 408; United States v. Bennett, D.C.S.D.N.Y., 190 F.Supp. 181.

Defendant is also entitled to answers to requests numbers 5 and 7. United States v. Wilson, D.C., 20 F.R.D. 569; United States v. Angelet, supra.

As to the conspiracy count, defendant requests particulars as to eight items:

1) The date when defendant entered the conspiracy,

2) the situs of the conspiracy,

3) and 7) date, time and place of 1st and 2d overt acts,

4) substance of the conversation alleged as overt act one,

5) whether that conversation was recorded or intercepted,

6) and 8) whether the overt acts were had at the instance of the government.

█ Items one to three and seven must be answered, but only approximately. As to item four, the substance of the conversation must be given. United States v. Fanfan, supra. Item five is evidentiary only and is denied. United States v. Angelet, supra. Items six and

eight must be answered. United States v. Tirado, supra; United States v. Angelet, supra.

Counsel are directed to settle an order on notice, providing therein adequate safeguards for the government's chain of possession during defendant's inspection of the alleged narcotics in accordance with defense counsel's representations on oral argument.