**UNITED STATES of America,**

v.

**William BENTVENA et al., Defendants.**

United States District Court
S. D. New York.

Oct. 26, 1960.

Supplemental Opinion Oct. 27, 1960.

On Motion to Reargue Nov. 7, 1960.

On Motion for Leave to Reargue the Motion for Severance

Nov. 7, 1960.

---

8. On this page, the trial judge cited Dery v. Wyer, supra, 265 F.2d at pages 806–809, in additional support of that opinion.

488

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for the United States; William M. Tendy, Paul J. Curran, Asst. U. S. Attys., New York City, of counsel.

James E. Branigan, Jr., New York City, for defendant William Bentvena.

Wilfred L. Davis, Albert J. Krieger, New York City, for defendant Carlie Di Pietro.

Joseph Panzer, New York City, for defendant Joseph Fernandez.

Thomas A. Wadden, Washington, D. C., for defendant Carmine Galante, by Vincent J. Fuller, New York City.

Joseph Panzer, New York City, for defendant Jack Gellman.

Bernard Golding, Houston, Tex., for defendant Benjamin Indiviglio.

Sylvester Cosentino, New York City, for defendant Angelo Loicano.

Joseph Panzer, New York City, for defendant Frank Mancino.

Joseph Panzer, New York City, for defendant Frank Mari.

Oliver C. Biddle, New York City, for defendant Anthony Mirra.

Robert Mitchell, New York City, for defendant Samuel Monastersky.

James E. Branigan, Jr., New York City, for defendant Marcantonio Orlandino.

Vincent J. Fuller, New York City, for defendant John Ormento.

Jerome Lewis, Brooklyn, for defendant Carmine Panico.

Jerome Lewis, Brooklyn, for defendant Salvatore Panico.

Terry Milburn, New York City, for defendant David Petillo.

Bernard Moldow, Legal Aid Society, New York City, for defendant Carmine Polizzano.

George Feit, New York City, for defendant Rocco Sancinella.

Joseph Panzer, New York City, for defendant Salvatore Sciremammano.

James E. Branigan, Jr., New York City, for defendant William Struzzieri.

Leo B. Mittelman, New York City, for defendant Angelo Tuminaro.

George R. Sommer, Newark, N. J., for defendant Joseph Vecchio.

LEVET, District Judge.

In this case, under an indictment alleging a narcotic conspiracy with seven other substantive counts, the defendants have made various pre-trial motions. The substantive counts allege receipt, concealment and facilitation of transportation of narcotics in six counts, illegal importation in one count, and conspiracy with fifteen overt acts in the Eighth Count, all violations of Title 21 U.S.C.A. §§ 173 and 174.

Twenty-two defendants of the twenty-nine named are before this court. Three are said to be fugitives and four beyond the jurisdiction of this court.

The motions seek severance, change of venue, discovery and inspection, bills of particulars and dismissal of the indictment.

A list of moving defendants, as well as the relief sought by each, is as follows:

| | |
|---|---|
| Di Pietro | Severance; Bill of Particulars. |
| Fernandez | Severance; Change of Venue; Discovery and Inspection; Bill of Particulars. |
| Galante | Bill of Particulars. |
| Gellman | Bill of Particulars; Discovery and Inspection. |
| Indiviglio | Dismiss Indictment; Bill of Particulars. |
| Loicano | Severance; Suppression; Bill of Particulars. |
| Mari | Severance; Discovery and Inspection; Bill of Particulars. |
| Ormento | Bill of Particulars. |
| Carmine Panico | Bill of Particulars. |
| Salvatore Panico | Bill of Particulars. |
| Petillo | Severance; Change of Venue; Discovery and Inspection; Bill of Particulars. |

Sciremammano — Discovery and Inspection; Bill of Particulars.

Tuminaro — Severance; Change of Venue; Discovery and Inspection; Bill of Particulars.

A conspiracy is charged to include the importation of narcotics from Canada and other countries said to be unknown; the receipt, concealment, transportation and distribution of such drugs. Each of the defendants on trial, except Fernandez, Galante and Sciremammano, is named in at least one overt act.

## I. *Motions for Severance*

### A. ON THE BASIS OF EXTRINSIC FACTS

#### Defendants Angelo Tuminaro, Joseph Fernandez and David Petillo

In the Sixth Count, Tuminaro is charged (together with defendants Cotroni, Di Pasqua and Rene Robert) with unlawful importation of approximately 10 kilograms of heroin.

In the Seventh Count, together with the same defendants, he is charged with unlawfully receiving, concealing and facilitating the transportation of 10 kilograms of heroin.

By the Eighth Count, Tuminaro, Fernandez and Petillo are charged with a narcotic conspiracy. Some twenty-six other defendants are so charged in the same count. Two of these co-defendants are Carmine Galante and John Ormento. Ormento was convicted in the so-called Apalachin Trial.[1] See United States v. Bonanno et al., D.C.S.D.N.Y.1959, 177 F. Supp. 106; Id., D.C.1959, 178 F.Supp. 62; Id., D.C.1960, 180 F.Supp. 71.

In this motion for severance, these three defendants, i. e., Tuminaro, Fernandez and Petillo, seek to disassociate themselves from their alleged co-conspirators Ormento and Galante because of the unfavorable publicity allegedly surrounding the latter, their records, as well as publicity said to have been given to the so-called "Mafia," an allegedly existing organization in which the latter are said to have been prominent.

 I have examined various newspaper items, magazine articles and excerpts from a book entitled "Brotherhood of Evil—The Mafia," by Frederick Sondern, Jr. While some of these publications mention Carmine Galante and John Ormento, none refer to these moving defendants. Little of the publicity is of any recent vintage. None has emanated from government sources, as far as I can observe. None is damaging to the moving defendants unless mere association is so construed. Association is not proof of guilt, nor is association avoidable in a conspiracy indictment.

The question of a severance must be decided in the discretion of the trial judge whose determination will not be upset in the absence of an abuse of such discretion. Opper v. United States, 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Lebron, 2 Cir., 1955, 222 F.2d 531, 535, certiorari denied 1955, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774. Furthermore, where the charges against all defendants are provable by the same evidence, and the acts charged are of the same or similar character, a severance should not be granted except for the most compelling reasons. United States v. Cohen, 2 Cir., 1941, 124 F.2d 164, 165–166, certiorari denied sub nom. Bernstein v. United States, 1942, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210; United States v. Bonanno, D.C.S.D.N.Y. 1959, 177 F.Supp. 106, 116.

In respect to pre-trial publicity, Judge Kaufman in United States v. Bonanno, D.C.S.D.N.Y.1959, 177 F.Supp. 106, 122. wrote as follows:

"A study of the cases dealing with the problem of pre-trial publicity indicates that four main factors should be considered in deciding if relief of some kind should be granted at this stage of the proceedings. First, it is necessary that the publicity be re-

1. This conviction was reversed in United States v. Bufalino et al., 2 Cir., 1960, 285 F. 2d 408.

cent, widespread and highly damaging to the defendants. Second, it is an important consideration whether the government was responsible for the publication of the objectionable material, or if it emanated from independent sources. This factor is especially significant in regard to the third factor, the inconvenience to the government and the administration of justice of a change of venue or continuance. The government can hardly be heard to complain of inconvenience if it was responsible for the dissemination of damaging material. In fact, governmental complicity was almost singularly dispositive in the leading case in which a trial judge's discretion was reversed, see Delaney v. United States, 1 Cir., 1952, 199 F.2d 107, though the publicity in that case was particularly virulent and was concentrated on the eve of trial. Last, it must be considered whether a substantially better panel can be sworn at another time or place."

I find nothing here which, by reason of the alleged publicity about Ormento and Galante, requires either a severance of the moving defendants or a deferment of the trial or the transfer of this case outside the City of New York. As Judge Kaufman said in United States v. Bonanno, supra, at page 123, "if at the time of selection it appears to me that an unprejudiced panel cannot be sworn, there will be time enough then for me to take the necessary steps to assure the defendants a fair trial. In light of the circumstances, as they presently appear, however, the motions to change venue and postpone the trial must be denied."

This is my ruling here.

B. MOTIONS FOR SEVERANCE BASED ON SO-CALLED "INTRINSIC" FACTS
Defendants Tuminaro, Fernandez and Petillo

Tuminaro argues that:

(1) He is named in the Sixth, Seventh and Eighth Counts and not in any of the first five counts.

(2) A conviction of any of the defendants named in the first five counts will prejudice him with respect to the Sixth, Seventh and Eighth Counts.

Fernandez and Petillo similarly argue that:

(1) They are named only in the Eighth Count.

(2) A conviction of any of the defendants in the first seven counts will prejudice them in respect to the Eighth Count.

All three argue that the substantive counts are not alleged as overt acts in the Eighth (i. e., Conspiracy) Count.

Rule 8 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., is as follows:

"Joinder of Offenses and of Defendants

"(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

There is no doubt that the substantive and conspiracy counts are of a similar character (Rule 8(a)). The defendants named in the Eighth Count are clearly alleged to have participated in the same act or transaction or in the same series of acts or transactions (the conspiracy) (Rule 8(b)). The rule permits the defendants to be charged in one

or more counts, together or separately, and all of the defendants need not be charged in each count.

This type of indictment has been repeatedly sustained. Chadwick v. United States, 5 Cir., 1941, 117 F.2d 902, 904, certiorari denied 1941, 313 U.S. 585, 61 S.Ct. 1109, 85 L.Ed. 1541; Scott v. United States, 10 Cir., 1940, 115 F.2d 137, 138, certiorari denied 1941, 312 U.S. 678, 61 S.Ct. 449, 85 L.Ed. 1117; United States v. Bonanno, D.C.S.D.N.Y.1959, 177 F.Supp. 106, 117; see United States v. Manfredi, 2 Cir., 1960, 275 F.2d 588, 593, certiorari denied 1960, 363 U.S. 828, 80 S.Ct. 1598, 4 L.Ed.2d 1523; United States v. Rosenfeld, 7 Cir., 1956, 235 F.2d 544, 545, certiorari denied 1956, 352 U.S. 928, 77 S.Ct. 226, 1 L.Ed.2d 163.

Consequently, the defendants' attack is misplaced. This motion is denied.

### C. MOTION FOR SEVERANCE—DEFENDANT ANGELO LOICANO

██ Loicano seeks a severance on somewhat similar grounds to those advanced by Tuminaro, Fernandez and Petillo. These grounds are as follows:

(1) Loicano is involved only in the Eighth, or Conspiracy, Count.

(2) Some of the other defendants are said to have a previous record and may plead guilty.

(3) The defendant Loicano believes that certain of the co-defendants are hostile to him and "are anxious to track him into the mire, and to involve him deeper, with the hope that they will be able to obtain leniency."

In Dauer v. United States, 10 Cir., 1951, 189 F.2d 343, 344, certiorari denied 1951, 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672, Circuit Judge Huxman wrote:

" * * * The mere fact that there is hostility between defendants or that one may try to save himself at the expense of another is in itself alone not sufficient grounds to require separate trials. It is only when the situation is such that the exercise of common sense and sound judicial judgment should lead one to conclude that one defendant cannot have a fair trial, as that term is understood in law, that a severance should be granted."

See also Allen v. United States, 1952, 91 U.S.App.D.C. 197, 202 F.2d 329, 334, certiorari denied 1952, 344 U.S. 869, 73 S.Ct. 112, 97 L.Ed. 674.

For this reason and for the reason as set forth with respect to the Tuminaro motion, this motion of Loicano is denied.

### D. MOTION FOR SEVERANCE OR A SEPARATE TRIAL, ETC.

#### Defendant Carlie Di Pietro

Defendant Di Pietro seeks a separate trial because of alleged prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure. Rule 14 is as follows:

"Relief from Prejudicial Joinder

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

The facts on which Di Pietro's application is made are essentially as follows:

(1) On February 13, 1951, in the United States District Court for the District of New Jersey, Di Pietro, after having previously pleaded not guilty to certain narcotic law violations, changed his plea to guilty. At this time, Di Pietro was represented by counsel, presumably of his own choice. Apparently Di Pietro was also serving time for some other previous offense, the nature of which is not evident.

(2) A pre-sentence report was prepared and delivered to the sentencing court. Defendant denied his guilt to the interviewing probation officer.

(3) On May 11, 1951, the defendant was sentenced, at which time the sentencing judge stated:

"Mr. Charles Di Pietro. As I said, the situation is one that creates some doubt in the mind of the Court as to the extent of his participation, if any, in this particular violation."

(4) Now, over nine years after sentence was imposed in 1951 and on the eve of trial in the present case, which has been set down for November 14, 1960, Di Pietro, by petition dated October 4, 1960, returnable October 24, 1960, in the New Jersey federal court, has moved to vacate and set aside the aforesaid judgment of conviction. The hearing in the United States District Court of New Jersey has been adjourned to November 14, 1960.

(5) Defendant now contends that if compelled to go to trial while the aforesaid New Jersey application is pending, he will be prejudiced in being precluded from appearing as his own witness, since he would have to admit on cross-examination, if so questioned, that he has been convicted of a previous narcotics charge.

Defendant's proceedings in New Jersey would seem somewhat analogous at most to a pending appeal from a judgment of conviction.

Cross-examination of a defendant as to a prior conviction which is pending on appeal has been held proper by most circuit courts which have passed on the question. United States v. Owens, 2 Cir., 1959, 271 F.2d 425 (conviction later affirmed) ; United States v. Cipullo, 2 Cir., 1948, 170 F.2d 311, certiorari denied 1949, 336 U.S. 946, 69 S.Ct. 805, 93 L.Ed. 1103 (prior convictions later reversed but defendant subsequently pleaded guilty in each case) ; United States v. Empire Packing Co., 7 Cir., 1949, 174 F.2d 16, certiorari denied 1949, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (nonjury case) ; Bloch v. United States, 9 Cir., 1955, 226 F.2d 185, certiorari denied 1956, 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (conviction later reversed). A majority of the state courts likewise allow an inquiry into a defendant's prior conviction, notwithstanding the pendency of an appeal. See, e. g., Gonzalez v. State, Fla.App., 2 Dist., 1957, 97 So.2d 127, 128; McGee v. State, Tenn.1960, 332 S.W.2d 507, 508–509. See cases collected in Annotations, 6 A.L.R. 1608, 1647; 25 A.L.R. 339, 348; 103 A.L.R. 350, 367; 161 A.L.R. 233, 282. See also 58 Am.Jur., Witnesses, § 745, at 403.

The rule is otherwise in the District of Columbia. Fenwick v. United States, 1958, 102 U.S.App.D.C. 212, 252 F.2d 124; Beasley v. United States, 1954, 94 U.S.App.D.C. 406, 218 F.2d 366, certiorari denied 1955, 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243; Campbell v. United States, 1949, 85 U.S.App.D.C. 133, 176 F.2d 45. These cases, however, deal with a specific statute of the District of Columbia, now D.C.Code § 14–305 (1951), which provides in part: "No person shall be incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime, but such fact may be given in evidence to affect his credit as a witness, either upon the cross-examination of the witnesses or by evidence aliunde * * *." In Fenwick v. United States, 1958, 102 U.S.App.D.C. 212, 252 F.2d 124, 126, the court declared:

"Clearly it would be improper, for impeachment purposes, to show accusation, arrest, or indictment as well against the accused in a criminal trial as against a witness in any case, civil or criminal. We have pointed out in furtherance of this principle that where the time for appeal had not expired, evidence of a conviction is inadmissible. * * * We are satisfied that the intendment of our Code * * * requires that there be a final conviction before 'such fact may be given in evidence.' "

The court here acknowledged the contrary views of the other circuits, but justified its own position upon the existence of the particular District of Columbia statute. 252 F.2d 124, 126, note 3. In Campbell v. United States, 1949, 85 U.S. App.D.C. 133, 176 F.2d 45, 47, the rationale of the District of Columbia rule was thus explained:

" * * * If the judgment of conviction is later reversed, the defendant has suffered, unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction. We therefore hold that the pendency of an appeal prevents the prosecution from proving a previous conviction for impeachment purposes * * * ."

In United States v. Cipullo, 2 Cir., 1948, 170 F.2d 311, certiorari denied 1949, 336 U.S. 946, 69 S.Ct. 805, 93 L.Ed. 1103, the prior convictions brought out on cross-examination were eventually reversed on appeal. However, rather than obtaining new trials, the defendant later pleaded guilty in both instances. Since, upon subsequent retrial, an attack upon the defendant's credibility could have been predicated upon his pleas of guilty, the circuit court was reluctant to grant a new trial on an objection which "would seem to rest on the merest technicality and to have no basis in the administration of essential justice." 170 F.2d at page 313. Expressly left unanswered was "the problem which would face us if the reversals of the convictions had not been followed by pleas of guilty." 170 F.2d at page 313.

In United States v. Owens, 2 Cir., 1959, 271 F.2d 425, the defendant in a narcotics case was cross-examined as to a prior conviction on a narcotics charge which was later affirmed. In its per curiam decision, the circuit court held such cross-examination proper "unless or until the conviction has been reversed." 271 F.2d at page 426. It reaffirmed its earlier position in the Cipullo case, supra, where the reversals were followed by pleas of guilt, and stated:

" * * * We are not disposed to question this ruling particularly where, as here, the conviction was later affirmed and the cross-examination was to meet defendant's denial on direct examination of being a drug peddler." 271 F.2d at page 426.

The seventh and ninth circuits have taken a more definite and sweeping stand. In United States v. Empire Packing Co., 7 Cir., 1949, 174 F.2d 16, certiorari denied 1949, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758, cross-examination as to the fact of a defendant's prior conviction, then pending on appeal, was held to be proper. The court stated: "Unless and until the judgment of the trial court is reversed, the defendant stands convicted and may properly be questioned regarding said conviction solely for the purpose of testing credibility." 174 F.2d at page 20. While it is not clear whether the prior conviction in the Empire Packing case, supra, was ultimately reversed or affirmed on appeal, this factor was apparently considered and deemed immaterial in Bloch v. United States, 9 Cir., 1955, 226 F.2d 185, certiorari denied 1956, 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826. In the Bloch case, no objection was raised at the trial to the question regarding the defendant's prior conviction for a felony. Moreover, on redirect, the defendant's attorney delineated the character of the previous offense and the fact that it was on appeal. The appellate court found no prejudicial error in such questioning. The prior conviction had been reversed earlier by the same court, which was aware of this situation when rendering its decision. See Bloch v. United States, 9 Cir., 1956, 238 F.2d 631, 632.

It is evident that appellate tribunals have had the advantage of knowing the ultimate disposition of the appeals of the prior convictions then pending at the time of the trial below. Here, this court is expected, however, to anticipate prospective developments and chart its course accordingly.

The defendant has waited some nine years before initiating his New Jersey proceeding. A plea of guilty was entered by defendant. No action to set aside or vacate the judgment was then taken. I am unable to predict the outcome of defendant's action in New Jersey. It may be that an answer will be forthcoming before defendant takes the stand in the instant action to testify in his own behalf (if such be his choice)

and thus render this immediate question academic. Yet, a decision must be made at this juncture. The present New Jersey judgment, under which defendant has already served time, should be regarded as final and effective until and unless subsequently reversed or set aside. United States v. Owens, 2 Cir., 1959, 271 F.2d 425, 426. Moreover, the defendant has yet another prior conviction which may be elicited upon cross-examination. I am unable to agree that if defendant were now compelled to stand trial, "he would be subject to manifest prejudice and an inability to adequately defend himself against the accusations contained in the instant indictment."

Upon due consideration, I am inclined to be guided by the decisions in the seventh and ninth circuits (see United States v. Empire Packing Co., supra, and Bloch v. United States, supra), and to deny defendant's application for a severance based on the ground of collateral proceedings against a judgment of conviction entered against him in the District of New Jersey.

## II. *Motions to Dismiss the Indictment*

### Defendant Angelo Tuminaro

The bases of Tuminaro's argument are apparently as follows:

■ (1) The Sixth and Seventh Counts in which Tuminaro is mentioned are said to be vague—no facts are set forth—times and places are stated in general terms—no specific facts are alleged.

(2) The Conspiracy Count (Eighth) is said to be a catch-all. Tuminaro denies discussing narcotics with a friend or friends at 49 East Houston Street. He cannot understand how he has been swept into the conspiracy alleged.

Only the first claim need be discussed since the second claim is merely a protestation of innocence, which is a question of fact for future determination.

As to the sufficiency of the Sixth and Seventh Counts of this indictment:

The Sixth Count is as follows:

"The Grand Jury further charges:

"In or about February, 1959, in the Southern District of New York,

> Giuseppe Cotroni,
> Anthony Di Pasqua,
> Rene Robert, and
> Angelo Tuminaro,

the defendants, unlawfully, wilfully, knowingly and fraudulently did import and bring into the United States a narcotic drug, to wit, approximately 10 kilograms of heroin hydrochloride, contrary to law in that the importation and bringing of any narcotic drug into the United States, except such amounts of crude opium and coca leaves as the Commissioner of Narcotics finds to be necessary to provide for medical and legitimate uses only, is prohibited. (Title 21, Sections 173 and 174, United States Code)."

The Seventh Count is as follows:

"The Grand Jury further charges:

"In or about February, 1959, in the Southern District of New York,

> Giuseppe Cotroni,
> Anthony Di Pasqua,
> Rene Robert, and
> Angelo Tuminaro,

the defendants, unlawfully, wilfully and knowingly did receive, conceal and facilitate the transportation and concealment of a narcotic drug, to wit, approximately 10 kilograms of heroin hydrochloride, after the said narcotic drug had been imported and brought into the United States contrary to law, knowing that the said narcotic drug had theretofore been imported and brought into the United States contrary to law in that the importation and bringing of any narcotic drug into the United States, except such amounts of crude opium and coca leaves as the Commissioner

of Narcotics finds to be necessary to provide for medical and legitimate uses only, is prohibited. (Title 21, Sections 173 and 174, United States Code)."

Thus, in both counts the time is stated to be in or about February, 1959, and the place is stated to be in the Southern District of New York. In addition, the drug is named and the approximate weight, 10 kilograms (22 pounds), is indicated.

The place is sufficiently alleged. Burk v. United States, 4 Cir., 1950, 179 F.2d 305, 306; Beard v. United States, 1936, 65 App.D.C. 231, 82 F.2d 837, 840, certiorari denied 1936, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

The time is adequately alleged. Ledbetter v. United States, 1898, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162; Hale v. United States, 5 Cir., 1945, 149 F.2d 401, 403, certiorari denied 1945, 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436; United States v. Sutter, D.C.S.D.Cal., Central Division, 1954, 127 F.Supp. 109, 115.

This motion must be denied.

### III. *Motions for Discovery and Inspection*

#### A. Defendants Tuminaro, Fernandez, Petillo

These defendants seek inspection and the opportunity to make copies of—

(1) Written statements and memoranda of conversations and interrogations of these defendants and co-conspirators taken from them and in the possession of the United States Attorney.

(2) Copies of testimony given in prior proceedings by any defendant, co-conspirator, or any witness, used by the government and "which are a matter of public record."

(3) Any and all other records, papers, and documents of any kind obtained by the government from any of the defendants and intended to be used at the trial.

(4). Copy of statements, if any, made by any proposed witness or witnesses relative to overt act designated "8" in the Eighth Count of the indictment.

(5) The reported conversation if said alleged conversation was mechanically recorded.

(6) The recording device, if any, which recorded or intercepted the alleged conversation.

(7) To inspect the alleged narcotic drugs set forth in the various counts and to inspect and copy the laboratory reports.

#### B. Defendant Di Pietro

Defendant Di Pietro seeks to examine and copy the written statements and transcribed testimony given by any co-defendant or co-conspirator named in the indictment to the United States Attorney or given to any agent or official of the United States Government or any of its agencies. Apparently, the only reason given by this defendant to obtain this relief is that he wishes to know to what extent the co-conspirators who were not indicted sought to attach responsibility to him.

#### C. Defendant Sciremammano

Defendant Sciremammano seeks the same relief, and for the same reasons, as set forth for the defendant Di Pietro.

#### D. Defendant Mari

Defendant Mari asks for the same relief as the defendants Di Pietro and Sciremammano, and for the same reasons.

#### E. Defendant Gellman

Defendant Gellman seeks relief identical to that sought by the above-named defendants Di Pietro, Sciremammano and Mari.

Rule 16 of the Federal Rules of Criminal Procedure is as follows:

"Discovery and Inspection

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or ob-

tained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

A sworn affidavit by William M. Tendy, an Assistant United States Attorney in charge of this case, states, among other things:

(1) The government's files contain no statements taken from the defendants Gellman, Mari or Petillo.

(2) The files do contain brief unsigned transcriptions of oral question and answer statements made by the defendants Fernandez, Sciremammano and Tuminaro.

(3) The government possesses no documents voluntarily turned over by any defendant or co-conspirator named in the indictment.

█ Signed statements by defendants are, I believe, not within the scope of Rule 16, Federal Rules of Criminal Procedure. See Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 843–844; Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, 19–20, 54 A.L.R.2d 820; Fryer v. United States, 1953, 93 U.S.App.D.C. 34, 207 F.2d 134, 135, certiorari denied 1953, 346 U.S. 885, 74 S.Ct. 135, 98 L. Ed. 389; Monroe v. United States, 1956, 98 U.S.App.D.C. 228, 234 F.2d 49, 55, certiorari denied sub nom. Smith v. United States, 1956, 352 U.S. 872, 77 S.Ct. 94, 1 L.Ed.2d 76; United States v. Peltz, D.C.S.D.N.Y.1955, 18 F.R.D. 394.

In this circuit the question has not been passed upon. See United States v. Louie Gim Hall, 2 Cir., 1957, 245 F.2d 338, 341. However, since Judge Herlands' decision in United States v. Peltz, supra, the majority of decisions in this court have been in line with the above determination in other circuits. United States v. Acheson, D.C.S.D.N.Y.1960, 25 F.R.D. 349; United States v. Patrisso,

D.C.S.D.N.Y.1957, 20 F.R.D. 576; United States v. Gogel, D.C.S.D.N.Y.1956, 19 F.R.D. 107, 108; United States v. Louie Gim Hall, D.C.S.D.N.Y.1956, 18 F.R.D. 384, 385; United States v. Kaskel, D.C. E.D.N.Y.1956, 18 F.R.D. 477, 481; United States v. Kiamie, D.C.S.D.N.Y.1955, 18 F.R.D. 421, 423; United States v. Martel, D.C.N.D.N.Y.1954, 17 F.R.D. 326, 327, appeal dismissed sub nom. United States v. Caiola, 2 Cir., 1955, 222 F.2d 369; United States v. Cohen, D.C.S.D. N.Y.1953, 15 F.R.D. 269, 272. Contra: United States v. Klein, D.C.S.D.N.Y. 1955, 18 F.R.D. 439, 440 (defendant's unsigned statement); United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423, 424–425 (defendant's signed statement).

Even if the power existed under Rule 16, it would be discretionary. There is no affirmative showing here by any of the moving defendants to show materiality, reasonableness or good cause.

█ The cases seem to agree that statements of co-conspirators and co-defendants are not subject to discovery and inspection. See, e. g., United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423, 425; United States v. Cohen, D.C.S.D. N.Y.1953, 15 F.R.D. 269, 272 (item 5).

█ Item 2 sought by Tuminaro (copies of testimony of defendants, co-conspirators, witnesses used by the government, etc.) is beyond the realm of reason. No sound basis for acceding to such a demand has been shown. See United States v. Kiamie, D.C.S.D.N.Y.1955, 18 F.R.D. 421.

█ Question and answer statements of the defendant, unsigned, are not subject to discovery under Rule 16. United States v. Kiamie, supra, 18 F.R.D. at page 423.

█ In Item 3 Tuminaro seeks a complete perusal of all records, papers and documents of any kind obtained by the government from any of the defendants and intended to be used at the trial. No unlimited examination of the government files is intended by Rule 16. See Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed.

879. The rule refers to (1) designated books, papers, documents, etc.; and requires (2) a showing that the items sought may be material to the preparation of the defense; and (3) that the request is reasonable. The demand relates to evidence. No cause for allowing this item has been demonstrated. It is clearly an unreasonable request.

 Items 4, 5 and 6 of Tuminaro's application relating to statements of witnesses with relation to the overt act designated as "8" in the Eighth Count differ in no respect from the principles controlling the statements of witnesses referred to above.

 The motion to inspect and analyze the alleged narcotic drugs set forth in the various counts of the indictment is granted. United States v. Cotto, D.C.S.D.N.Y., 60 Cr. 414, July 22, 1960; United States v. Lopez, D.C.S.D. N.Y., 1960, 26 F.R.D. 174; United States v. Fanfan, D.C.S.D.N.Y., C–156–192, August 23, 1958; United States v. Tirado, D.C.S.D.N.Y., 1958, 25 F.R.D. 270. This inspection and analysis must be made at the office of the government's chemist next Thursday, November 3, 1960 at 10:00 A.M., subject to reasonable safeguards, and under the government's supervision. The motion to inspect and copy the government's laboratory reports as to the same alleged drugs is denied. United States v. Fanfan, supra; United States v. Fuentes, D.C.S.D.N.Y., 1958, 25 F.R.D. 278, Noonan, J.

With respect to the statements of witnesses, it must be noted that, with certain exceptions to be passed upon by the court, the Assistant United States Attorney in charge of this case has already stipulated to supply copies of statements of witnesses and transcripts of their grand jury statements the day before such witnesses are called by the government.

## IV. *Motions for Bills of Particulars*

 The fundamental rule is that the granting or denial of a bill of particulars rests within the sound discretion of the trial court, and absent any abuse or prejudice, its ruling will not be disturbed on appeal. Johnson v. United States, 5 Cir., 1953, 207 F.2d 314, 321, certiorari denied 1954, 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087; Wong Tai v. United States, 1927, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545.

In United States v. Bonanno, D.C.S.D. N.Y.1959, 177 F.Supp. 106, 119, Judge Kaufman observed:

"* * * It is elementary that a motion for a bill of particulars is addressed to the sound discretion of the trial court. Rosen v. United States, 1896, 161 U.S. 29, 40, 16 S.Ct. 434, 480, 40 L.Ed. 606; Wong Tai v. United States, 1927, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545. The defendant is generally held to be entitled to those particulars necessary to enable him to prepare his defense, avoid surprise and plead double jeopardy. United States v. Klein, D.C.S.D.N.Y.1954, 124 F. Supp. 476, 479, affirmed 2 Cir., 1957, 247 F.2d 908, certiorari denied 1958, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed. 2d 354. The fact that affording the defendant such protection may, in some cases, require some disclosure of the government's evidence is not a bar to the relief where the particulars demanded are, in fact, necessary to the preparation of the defense. United States v. Kessler, D. C.E.D.N.Y.1942, 43 F.Supp. 408, 412. On the other hand, the government should not be forced unnecessarily to disclose its evidence and witnesses in advance of trial. United States v. Dilliard, 2 Cir., 1938, 101 F.2d 829, 835, certiorari denied 1939, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036."

### A. Defendant Tuminaro

(1) *As to the Sixth Count.*

This count is set forth above. Tuminaro seeks a bill as to exact times and places the crime was committed, where the drug was imported, the acts of each defendant, place or origin of the drug, any consideration given, whether any de-

fendant was acting at the instance of the United States Government, the percentage of the narcotic drug, and, last, whether the government will contend that the acts alleged in this count are overt acts in furtherance of the conspiracy, and, if so, whether any defendant or co-conspirator was involved in the transaction referred to in the Sixth Count.

 The Assistant United States Attorney in charge of this case, at the hearing on these motions on October 19, 1960, indicated that he was willing to state the approximate date, time and place, as I understood it, of each overt act alleged in the Eighth Count. In any event, I believe that such facts should be supplied.

 The defendant may also very well be entitled to item (g), i. e., whether any defendant involved in the transaction set forth in the Sixth Count was acting on behalf of the United States Government at the time of the alleged importation. This item is allowed. See United States v. Cotto, D.C.S.D.N.Y., 60 Cr. 414, July 22, 1960, Murphy, J.; United States v. Fanfan, D.C.S.D.N.Y., C–156–192, August 23, 1958, Murphy, J.; United States v. Tirado, D.C.S.D.N.Y., 1958, 25 F.R.D. 270, Dimock, J.

 Item (i), which would require the government to state whether it will contend that the acts alleged in the Sixth Count are overt acts in furtherance of the conspiracy, is disallowed.

 The other demands, it seems, are purely demands for details of evidence and should be disallowed. United States v. Kushner, 2 Cir., 1943, 135 F.2d 668, 673, certiorari denied 1943, 320 U.S. 212, 63 S.Ct. 1449, 87 L.Ed. 1850; United States v. Rubinstein, D.C.S.D.N.Y.1949, 9 F.R.D. 255, 257–258.

Accordingly, the Tuminaro motion is granted to the following extent:

Let the government state:

(1) If within its knowledge, the approximate date in February 1959 of the commission of the acts charged against Tuminaro in the Sixth Count and the place or places within the Southern District of New York where such acts were committed.

(2) Whether any defendant involved in the transaction set forth in this count was acting on behalf of the United States Government at the time of the alleged importation.

Otherwise the motion is denied.

(2) *As to the Seventh Count.*

 This count dealing with transportation and concealment is quoted above. Tuminaro seeks similar information.

The following items are hereby allowed:

Let the government state:

(1) If within its knowledge, the approximate date in February 1959 of the commission of the acts charged against Tuminaro in the Seventh Count and the place or places within the Southern District of New York where such acts were committed.

(2) Whether any person who received, concealed and facilitated the transportation and concealment of the narcotic drug or participated in any way therein was at the times in question in the employ of, or acting on behalf of, the United States Government.

Otherwise the motion is denied.

B. Defendants Tuminaro, Fernandez, Petillo, Loicano, Indiviglio, Sciremammano, Carmine and Salvatore Panico, Ormento, Mari, Galante and Gellman.

*As to the Eighth Count.*

All of the above defendants have moved for a bill of particulars with respect to the conspiracy count (Eighth).

The government has already indicated that with respect to each overt act it will supply the date involved as far as it can ascertain that date, and, where possible, the specific address, and whether the situation occurred in the morning or in the afternoon. (SM118)

 Any recorded or intercepted conversations would apparently consti-

**500**

tute evidentiary matter and hence should not be obtainable. See United States v. Lopez, D.C.S.D.N.Y., 1960, 126 F.R.D. 174; see also Monroe v. United States, 1956, 98 U.S.App.D.C. 228, 234 F.2d 49, certiorari denied sub nom. Smith v. United States, 1956, 352 U.S. 872, 77 S.Ct. 94, 1 L.Ed.2d 76. The request for particulars relating to such items is denied.

■■■ Names of witnesses and consideration given, if any, are not allowable. See United States v. Smith, D.C.W.D. Mo.W.D.1954, 16 F.R.D. 372, 375–376, Whittaker, J.

As far as is known, the substance of the conversations referred to in the overt acts should be allowed. See United States v. Lopez, D.C.S.D.N.Y., 1960, 126 F.R.D. 174, McGohey, J.; United States v. Fanfan, D.C.S.D.N.Y. C–156–192, August 23, 1958, Murphy, J.; United States v. Tirado, D.C.S.D.N.Y., 1958, 25 F.R.D. 270, Dimock, J.

The name and address of the "man" referred to in each of overt acts 10 and 11 should be given. United States v. Cotto, supra; United States v. Fanfan, supra.

■■■ The government is not required to advise defendants as to the times when, and places where, they joined the conspiracy. Sawyer v. United States, 8 Cir., 1937, 89 F.2d 139, 140; Wainer v. United States, 7 Cir., 1936, 82 F.2d 305, 307, affirmed 1936, 299 U.S. 92, 57 S.Ct. 79, 81 L.Ed. 58; United States v. Ford Motor Co., D.C.D.C.1959, 24 F.R.D. 65; United States v. Barsky, D.C.D.C.1947, 7 F.R.D. 38, 39; United States v. Lang, D.C.E.D.N.Y.1941, 40 F.Supp. 414, 415.

■■■ The government is not required to state the dates or periods of time during which defendant Tuminaro participated in the alleged conspiracy. Nor is the government required to tell the defendants the dates and places of their last conspiratorial acts. Wainer v. United States, 7 Cir., 1936, 82 F.2d 305, 307. Once membership in a conspiracy is proved, there is a presumption that membership continues unless there is affirmative evidence of withdrawal offered by the defendant. United States v. Markman, 2 Cir., 1952, 193 F.2d 574, 576–577, certiorari denied sub nom. Livolsi v. United States, 1952, 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371; United States v. Ogull, D.C.S.D.N.Y.1957, 149 F.Supp. 272, 274.

■■■ The government need not state the overt acts or the acts in which the defendant participated in pursuance of the conspiracy. Sawyer v. United States, 8 Cir., 1937, 89 F.2d 139, 140.

### In Respect to Overt Acts Referred to in the Eighth Count

#### Allowed

*Overt Act 1.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given.

*Overt Act 2.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given.

*Overt Act 3.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given.

*Overt Act 4.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given.

*Overt Act 5.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given; the substance of the conversation referred to.

*Overt Act 6.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given; whether the narcotics referred to were given to both defendants or to one of these defendants, and, if so, to whom such narcotics were given.

*Overt Act 7.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given; the substance of the conversation referred to.

*Overt Act 8.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the

address given; the substance of the conversation referred to.

*Overt Act 9.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given. State, if known, the person to whom such narcotics were delivered.

*Overt Act 10.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given; the substance of the conversation referred to. State the name and address of the "man" referred to; whether the "man" referred to was in the employ of or acting for the United States Government or any of its agencies.

*Overt Act 11.* The approximate date and the approximate time: morning or afternoon; whether inside or outside the address given; the substance of the conversation referred to. State the name and address of the "man" referred to; whether the "man" referred to was in the employ of or acting for the United States Government or any of its agencies.

*Overt Act 12.* State, if possible, the approximate time.

*Overt Act 13.* State, if possible, the approximate time.

*Overt Act 14.* If known, where in the address stated.

*Overt Act 15.* State, if possible, the approximate time.

All other motions are denied except as herein granted. Copies of papers, documents, records, etc., herein granted the moving parties, shall be given to all the defendants by the government. In fairness to all defendants, the right to inspect and analyze the alleged narcotic drugs is hereby extended to all defendants wishing to avail themselves of said inspection, subject, of course, to the conditions previously set above.

The bills of particulars as heretofore granted and directed shall be served upon the attorneys for all of the defendants on or before Thursday, November 3, 1960.

So ordered.

### Supplemental Opinion

This supplements my opinion in this matter dated October 26, 1960.

It has been brought to the court's attention that defendant Tuminaro's original motion to inspect and analyze the alleged narcotic drugs set forth in the various counts of the indictment was withdrawn. The motion was originally made by Leo B. Mittelman, Esq., by notice of motion dated July 5, 1960. However, by an affidavit of Mittelman contained in a notice of motion dated July 31, 1960, it is stated: "These papers stand in place and stead of the papers heretofore filed on behalf of defendant Tuminaro." In the July 31, 1960 motion, the relief above mentioned was not sought.

Accordingly, this relief granted in my original opinion is now withdrawn since there was no motion to this effect and the provision contained in the original opinion is stricken.

■ I also inadvertently failed to directly pass upon the motion of defendant Indiviglio to dismiss the indictment as to him. He is mentioned in the Eighth Count. The Eighth Count is a conspiracy charge. It is sufficient under the law and the motion is denied.

So ordered.

### On Motion To Reargue.

The government moves to reargue previous determinations of this court (see opinions dated October 26, 1960 and October 27, 1960) with respect to bills of particulars insofar as these bills were granted as to two requests: (1) The substance of conversations mentioned in overt acts Nos. 5, 7, 8, 10 and 11 of the Eighth Count, and (2) the name and address of the "man" mentioned in overt acts Nos. 10 and 11 in the Eighth Count.

The government's objections seem to be that—

(1) The data sought by way of conversation is evidentiary.

(2) The defendants are not entitled to names and addresses of witnesses.

The motion to reargue is granted.

William M. Tendy in his affidavit of November 1, 1960, upon which this motion for reargument is made, represents that the "man" mentioned in overt act No. 10 will be a witness for the government on the trial of the case. However, Mr. Tendy makes no statement concerning the "man" referred to in overt act No. 11.

The name and address of the "man" referred to in an overt act was allowed by Judge Murphy of this court in United States v. Fanfan, D.C.S.D.N.Y., C 156–192, August 13, 1958, and United States v. Cotto, D.C.S.D.N.Y. 60 Cr. 414, July 22, 1960. See also United States v. Angelet, D.C.S.D.N.Y., 26 F.R.D. 408, Metzner, J.

■■■ The government contends that the Cotto and Fanfan cases, supra, may be distinguished because there were only two defendants in each case. While this is true, and only one overt act in each case concerned a conversation of a defendant with a "man," I fail to see any substantial distinction in principle between those cases and this, and why any should be made here. This information remains allowed to the defendants.

The conversations involved are referred to in overt acts Nos. 5, 7, 8, 10 and 11.

Those mentioned in the conversations in No. 5 are Mari, Di Pietro, Stepanoff and Mancino.

Those mentioned in the conversations in No. 7 are Angelo Loiciano and Sancinella.

Those mentioned in the conversations in No. 8 are Di Pasqua, Charles Gagliadotto and Petillo.

Those mentioned in the conversations in No. 10—only Ormento.

Overt act No. 11 refers only to an introduction. The substance of this conversation is not necessary, and upon reargument, it is accordingly disallowed.

Of the above defendants just referred to, the only one mentioned in other alleged overt acts in which deliveries or receipts of narcotics are involved is Mancino; of the aforesaid defendants, only

Di Pasqua is mentioned in one or more substantive counts. Thus, Mari, Di Pietro, Stepanoff, Angelo Loicano, Sancinella, Petillo and Ormento, involved in the overt acts of conversation, are not mentioned elsewhere except as defendants under the Eighth Count, the conspiracy count.

Consequently, it seems that in fairness—

Mari has reason to inquire as to the substance of conversations in No. 5;

Angelo Loicano and Sancinella, that in No. 7;

Petillo, that in No. 8; and

Ormento, that in No. 10.

(It may be noted that Stepanoff, Gagliadotto, Cotroni, Di Pasqua and Robert are not now before the court.)

At least the following defendants sought the substance of the conversations referred to in the respective overt acts mentioned:

Overt act No. 5—Di Pietro, Mari, Tuminaro.

Overt act No. 7—Di Pietro, Angelo Loicano and Tuminaro.

Overt act No. 8—Di Pietro, Tuminaro.

Overt act No. 10—Di Pietro, Ormento, Tuminaro.

Judges McGohey, Murphy and Dimock have, as I indicated in my original opinion, allowed the substance of conversations referred to in overt acts. See United States v. Lopez, D.C.S.D.N.Y., 26 F.R.D. 174, McGohey, J.; United States v. Fanfan, D.C.S.D.N.Y., C 156–192, August 23, 1958, Murphy, J.; United States v. Tirado, D.C.S.D.N.Y., 25 F.R.D. 270, Dimock, J.

In the Tirado case, supra, one of the overt acts alleged was a conversation between defendant Carmelo Tirado and John Doe, a/k/a "Pete Lopez." In granting a bill of particulars as to said alleged conversation, Judge Dimock wrote: "With the charge of conspiracy such a difficult one to meet fairness dictates that defendant be fully apprised of the only specific charge that the law requires, the overt act. The Govern-

ment must give the substance of the alleged conversation."

In the Fanfan case, supra, Judge Murphy allowed a bill as to the substance of conversations alleged in overt acts.

In the Lopez case, supra, Judge McGohey likewise allowed similar conversations.

 The mere fact that certain of the information may involve revelation of evidence is not fatal to the demand where justice, as in this instance, appears to require it. See United States v. Smith, D.C.W.D.Mo., W.D.1954, 16 F.R.D. 372, 375.

If the information is allowed to certain defendants, it is probably fair to direct the government to supply such information as allowed to all defendants.

 Accordingly, the original disposition of the matters involved in this reargument is reaffirmed, except that as to the conversation, if any, referred to in overt act No. 11, it is determined adversely. Let the government supply the information at issue here on or before November 14, 1960.

So ordered.

### On Motion of Defendant Di Pietro for Leave to Reargue the Motion for Severance.

Defendant Di Pietro has moved for leave to reargue the motion for severance heretofore made. The motion to reargue was granted and argument was heard.

 The principal contention of the defendant seems to be that for some reason the plea of guilty which he made in the United States District Court of New Jersey in 1951 and which he now seeks to have set aside was not a verdict. The facts are that defendant pleaded guilty in 1951, served his sentence, and has now moved in the District Court of New Jersey to vacate it.

It has been stated: "Where the statute permits the plea of guilty, and such a plea is accepted and entered by the court in a criminal case, it is the highest kind of conviction of which the case admits."

Green v. United States, 1913, 40 App. D.C. 426, 427, 46 L.R.A.,N.S., 1117.

A plea of guilty is not merely an admission of guilt or an extra-judicial confession of guilt, but is of itself a conviction and as conclusive as a jury verdict. See Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; United States v. Morin, 3 Cir., 1959, 265 F.2d 241, 245; Hall v. United States, 8 Cir., 1958, 259 F.2d 430, 431, certiorari denied 1959, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680; Smith v. Rhay, 9 Cir., 1958, 254 F.2d 306, 308–309; Hoyt v. United States, 10 Cir., 1958, 252 F.2d 460, 462; Woodring v. United States, 8 Cir., 1957, 248 F.2d 166, 169; Joyner v. Parkinson, 7 Cir., 1955, 227 F.2d 505, 508.

An attorney for a defendant in a criminal case may, in the defendant's presence and on his behalf, enter a plea for defendant. Brown v. United States, 8 Cir., 1950, 182 F.2d 933; Taylor v. United States, 9 Cir., 1950, 182 F.2d 473, certiorari denied 1950, 339 U.S. 988, 70 S.Ct. 1010, 94 L.Ed. 1389.

No particular ritual is necessary upon the acceptance of a guilty plea. Barber v. United States, 10 Cir., 1955, 227 F.2d 431; United States v. Swaggerty, 7 Cir., 1955, 218 F.2d 875, certiorari denied 1955, 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282; United States v. Davis, 7 Cir., 1954, 212 F.2d 264, 267; United States v. Von der Heide, D.C.D.C.1959, 169 F. Supp. 560, 566.

Where an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances fairly denoting that the attorney speaks for his client, who comprehends what is being done and its significance, and who acquiesces when the attorney enters a plea of guilty for him, such plea of guilty is valid. United States v. Denniston, 2 Cir., 1937, 89 F.2d 696, 110 A.L.R. 1296, certiorari denied 1937, 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362. See also Floyd v. United States, 5 Cir., 1958, 260 F.2d 910, 912, certiorari denied 1959, 359 U.S.

947, 79 S.Ct. 728, 3 L.Ed.2d 680; United States v. Moe Liss, 2 Cir., 1939, 105 F.2d 144.

Upon reargument the motion for severance is denied.

So ordered.