**UNITED STATES of America**
**v.**
**Harry STEELY.**
**Crim. No. 21028.**

United States District Court
E. D. Pennsylvania.
Oct. 15, 1962.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., for plaintiff.

William P. Thorn, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

AND NOW, October 15, 1962, after consideration of the foregoing Motion, the attached briefs of counsel, oral argument and the record, IT IS ORDERED that Part (2) of defendant's MOTION FOR INSPECTION is DENIED, without prejudice.

Part (1) of the Motion refers to forms of "Monthly Certification of Training" referred to in the Indictment. The Government has agreed to permit inspection and copying or photographing of these forms, so that no ruling on this part of the Motion is required.

Part (2) of the Motion asks that the court order the Government to permit the defendant to inspect, copy and photograph "the signed statement given to an agent of the Federal Bureau of Investigation by the defendant."

Rule 16, F.R.Crim.P., provides in part:

"Upon motion of a defendant at any time after the filing of the in-

dictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable."

The weight of authority holds that this Rule is not available at the instance of the defendant to obtain a copy of his own statement given to Government agents. E. g., Schaffer v. United States, 221 F.2d 17, 19–20 (5th Cir., 1955); Shores v. United States, 174 F.2d 838, 843–844 (8th Cir., 1949); United States v. Copes, 193 F.Supp. 627, 628 (D.Md.1961); United States v. Lopez, 26 F.R.D. 174, 175 (S.D.N.Y.1960); United States v. Bennett, 190 F.Supp. 181, 182–183 (S.D.N.Y. 1958); United States v. Jannuzzio, 22 F.R.D. 223, 225–226 (D.Del.1958); United States v. Bennethum, 21 F.R.D. 227, 229 (D.Del.1957); United States v. Peltz, 18 F.R.D. 394, 402 (S.D.N.Y.1955). (See, also, cases cited in the above decisions.) In view of the record in this case, the statement mentioned in Part (2) of the Motion may not be obtained under F.R.Crim.P. 16.

However, even if the court does have power to order production of statements such as the one herein involved,[1] the power would be a discretionary one. In this case, the discretion of the court would not be exercised so as to permit the inspection involved in this request, as there is no affirmative showing of materiality or good cause.[2] The defendant's affidavit states that the statement was taken when he was nervous and emotion-

ally upset and thus unable to fully comprehend the questions. He also states that he does not now remember all the questions propounded and all his answers thereto or whether or not he was warned that the statement could be used against him in a criminal proceeding. The affidavit is insufficient to show "good cause" for the production at this time, especially in view of the detailed affidavit of the special agent of the F. B. I. who took the statement concerning the facts surrounding the taking thereof, some of which defendant has stated that he does not remember (see Document No. 5).

F.R.Crim.P. 17(c) is not applicable here and has a different purpose than Rule 16.[3] Cf. United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y.1952). The standards set forth in the Iozia case have been approved by other decisions. See, e. g., United States v. Duncan, 22 F.R.D. 295, 298–299 (S.D.N.Y.1958).

---

1. In Shores v. United States, supra, 174 F.2d 838, the court stated at page 845 that there was inherent power to order the production of documents, the exercise of the power being within the discretion of the court.

2. See United States v. Bentvena, 193 F. Supp. 485, 497 (S.D.N.Y.1960).

3. There was no subpoena issued here. As to the differences between Rule 16 and Rule 17(c), see, e. g., United States v. Jannuzzio, supra, 22 F.R.D. at page 227.