**UNITED STATES v. KIDWELL.**

No. 18469.

United States District Court
W. D. Missouri, W. D.

June 2, 1953.

Edward L. Scheufler, U. S. Atty., and Kenneth C. West, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

REEVES, Chief Judge.

The several motions are strenuously urged by counsel for the defendant and strongly resisted by counsel for the Government.

The motion for discovery is pursuant to rule 16 Federal Rules of Criminal Procedure, 18 U.S.C.A. This rule is plain and easily understood. It extends to a defendant the right upon an indictment or information to require "the attorney for the government to permit the defendant to inspect and copy or photograph *designated* (emphasis mine) books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a *showing* (emphasis mine) that the items sought may be material to the preparation of his defense and that the request is reasonable."

The motion for discovery does not comply with this rule although quite clearly some of the matters sought should be made available to the defendant or his counsel. The motion is for matters far beyond the terms of the rule and at no place does it designate the items desired. Nor is there a showing that such items would be material. It would be an easy matter for counsel to specify, as provided by the rule, the particular books and papers it is desired to inspect or photograph. The request for all the books, papers, documents and tangible objects taken from the defendant is specific enough.

The Government has filed a motion to quash the subpoena duces tecum. This motion should be sustained for the reason that it is directed to the District Attorney and the matter covered is identical with that sought by the motion under rule 16. It is unnecessary to make an order on this matter for the reason that at a hearing the subpoena was, in effect, withdrawn.

The motion to dismiss, or, in the alternative, to require the Government to elect, is in effect a criticism or challenge to the indictment. An examination of the indictment discloses that it was returned in conformity with the provisions of section 152, Title 18 U.S.C.A. It is contended by counsel that the first count and the fourth count of the indictment are duplicitous, that is to say, they cover the same subject matter, and that they charge an identical offense.

The first count charged that the defendant did "knowingly, wilfully, fraudulently and feloniously conceal and omit and failed to set forth in said Schedule B certain merchandise, goods, wares and other things of value, * * *." Its fourth count charges that the defendant "did unlawfully, wilfully, knowingly, fraudulently and feloniously conceal from said Trustee in Bankruptcy certain personal property and loans, * *." These are separate offenses, and the courts have so held. Coghlan v. United States, 8 Cir., 147 F.2d 233.

The motion to produce was condemned in Bowman Dairy Company v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; although the court upheld a part of the motion. It was doubtless more specific than in this case.

It follows that the several motions of the plaintiff at this time should be, and the same hereby are overruled.