UNITED STATES of America,
v.
Morris C. FANCHER.

UNITED STATES of America
v.
Margaret FANCHER.
Crim. Nos. 10018, 10204.

United States District Court
D. Connecticut.
Oct. 17, 1960.

See also 195 F.Supp. 448.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., for the United States.

Joseph P. Cooney, Hartford, Conn., for defendants.

J. JOSEPH SMITH, Circuit Judge.

Defendants resist a Government motion to consolidate for trial the separate indictments of the defendants Fancher. The defense claims are that the subject matter concerning the two defendants is not the same and therefore a consolidation is improper; also that a fair trial will be denied defendant Morris Fancher if coupled at trial with his wife Margaret.

Rule 13, F.R.Crim.P., 18 U.S.C., provides that "the court may order two or more indictments * * * to be tried together if * * * the defendants * * * could have been joined in a single indictment * * *." In the instant case, Morris Fancher was indicted in February 1960 on three counts of wilful tax evasion, covering the years 1953, 1954 and 1955, Int.Rev.Code of 1939, Sec. 145(b), 26 U.S.C. § 145(b); Int.Rev. Code of 1954, Sec. 7201, 26 U.S.C. Sec. 7201. His wife Margaret was indicted by the Grand Jury in September 1960 on charges of the identical offense for the years 1954 and 1955. The tax returns in issue were joint returns signed and filed by both defendants. The transactions referred to in the two indictments are therefore identical, except for the charge against Morris for 1953.

■ The Federal Courts, in the administration of Rule 13 and its substantially similar predecessor, 18 U.S.C. former Sec. 557, have recognized as proper the consolidation of indictments far less factually integrated in their interrelationships than the ones presently in question. Gomez v. United States, 5 Cir., 1957, 245 F.2d 344, certiorari denied 355 U.S. 863, 78 S.Ct. 95, 2 L.Ed.2d 68; Daley v. United States, 1 Cir., 1956, 231 F.2d 123. It is evident that this case is one where the defendants "could have been joined in a single indictment".

There is no question that a consolidation order, therefore, is within the power of the court.

■ The universal rule is that the exercise of the power to consolidate is one which lies in the trial court's discretion, Daley v. United States, supra, 231 F.2d at page 126; United States v. Rosenblum, 7 Cir., 1949, 176 F.2d 321, 324. The exercise of that discretion should be determined by the resolution of two sometimes conflicting policies; the promotion of economy and efficiency in judicial administration by the avoidance of needless multiplicity of trials, Daley v. United State, supra; Turner v. United States, 4 Cir., 1955, 222 F.2d 926, 932, certiorari denied 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 472; and the protection of criminal defendants from undue prejudice often caused by the consolidation of indictments and mass trials. Schmeller v. United States, 6 Cir., 1944, 143 F.2d 544, 550; Daley v. United States, supra.

■ In the instant case, the evidence introduced against both defendants will be, to all indications, identical. Although the husband has been indicted for an earlier year, not charged against the wife, evidence concerning that year would be properly admissible against her as bearing on the question of intent. It is hard to see any prejudice resulting to either defendant stemming from evidence which might be admissible against one but not the other. Moreover, with such a similarity in all the evidence to be offered against both Fanchers, it would be patently wasteful to require individual trials. In a very similar case, involving tax evasion charges against two business partners based on an alleged fraudulent partnership return, the 6th Circuit said in affirming the convictions:

"One might almost say that it would have been an abuse of discretion to require separate trials as to the two defendants since it would have required unnecessary repetition of substantially the same evidence." Turner v. United States, supra, 222 F.2d at page 932.

The Government's motion to consolidate the two indictments for trial together is granted.