**UNITED STATES of America**

v.

**Jack YETMAN.**

**Crim. No. 10194.**

United States District Court
D. Connecticut.

March 20, 1961.

See also 196 F.Supp. 569.

474

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., Francis M. McDonald, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

W. Hadden, New Haven, Conn., Harry I. Rand, New York City, for defendant.

ANDERSON, Chief Judge.

*Ruling on Motion to Dismiss.*

 In this action the defendant is charged with perjury. He makes several attacks on the indictment. He claims that the questions and the answers which he gave to them, which form the basis for the alleged perjury, were not material to the investigation being conducted by the SEC. Materiality is an essential element of the crime of perjury which the Government must prove. It is a question for the court. United States v. Siegel, 2 Cir., 263 F.2d 530, 533, certiorari denied, 359 U.S. 1012, 79 S.Ct. 1147, 3 L.Ed.2d 1035; Brooks v. United States, 5 Cir., 253 F.2d 362, 364, certiorari denied, 1958, 357 U.S. 927, 78 S.Ct. 1374, 2 L.Ed.2d 1372; United States v. Alu, 2 Cir., 1957, 246 F.2d 29, 32. However, the court is in no position to determine whether or not a particular question and answer are material until all of the evidence in the Government's case has been presented. He also complains that some of the questions are so vague and equivocal that a conviction based upon them would contravene the Sixth Amendment of the Constitution of the United States. The court is satisfied that none of the questions and answers are so obviously immaterial on their face or so vague and equivocal as to warrant a dismissal of the indictment.

 However, some of the counts contain multiple questions and answers, and it is not clear whether the perjury charged is directed toward certain questions and answers or all of the questions and answers. This is something that can be made plain by a bill of particulars, a motion for which has been made and which, on this point, is ruled upon favorably, infra.

The present denial of the motion to dismiss on the ground just discussed is, therefore, denied without prejudice to a renewal thereof after the more particular statement has been filed.

 The defendant also complains that the indictment nowhere alleges that he "willfully gave false answers while under oath." The indictment does allege that the defendant "having duly taken an oath * * * that he would testify truly, did unlawfully, willingly and contrary to said oath, state material matter which he did not believe to be true." Later on it says, "being under oath as aforesaid, testified falsely * * * then and there well knowing and believing that the testimony * * * was not true * * *." The rules require simply a plain, concise, and definite written statement of the essential facts constituting the offense charged "so that the defendant may be fairly apprised of what he is accused of doing." It is the conclusion of the court that the indictment in this case sufficiently alleges the specific criminal intent required.

The motion to dismiss is denied.

*Ruling on Bill of Particulars.*

The requests, following the designations of the paragraphs in the motion for a bill of particulars, are granted as to: ¶1, the first sentence of ¶2, ¶3, the first sentence of ¶4, ¶13, ¶21, ¶30 and ¶39.

The remaining requests in the defendant's motion for a bill of particulars are denied.

*Ruling on Motion for Production.*

[6] The requests in ¶1 and ¶6 are granted. The requests in ¶2 are granted, except for memoranda concerning statements made by the defendant which are not a "substantial verbatim" account of those statements. The defendant is not entitled to any reports or memoranda which contain the impression or conclusion of agents of the SEC or which were prepared from the memory of an agent. cf. Palermo v. United States, 1959, 360 U.S. 343, 352–53, 79 S.Ct. 1217, 3 L.Ed. 2d 1287.

The requests in ¶3, ¶4, ¶5, ¶7 and ¶8 are denied.