**UNITED STATES of America**

v.

**Jack YETMAN and Samuel J. Smiley.**
**Crim. No. 10195.**

United States District Court
D. Connecticut.
March 20, 1961.

See also 196 F.Supp. 473.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., Francis M. McDonald, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

W. Hadden, New Haven, Conn., Harry I. Rand, New York City, for Jack Yetman.

Isadore Nathanson, McCarthy, Kapelman & Nathanson, New York City, for Samuel J. Smiley.

ANDERSON, Chief Judge.

*Ruling on Motion for Bill of Particulars.*

■ The general principles against which the validity of a motion of this sort should be tested are implicit in the description of the purpose of a bill of particulars. It is designed to inform the accused of the nature of the charge against him with sufficient particularity to enable him to prepare for trial, to prevent surprise, and to enable him to interpose a plea in bar of a second prosecution for the same offense. It is not designed to disclose the Government's evidence or the names of possible government witnesses or the Government's theory of its case. United States v. Klein, D.C.S.D.N.Y.1954, 124 F.Supp. 476, 479, affirmed 2 Cir., 1957, 247 F.2d 908, 917, certiorari denied 1958, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354.

The application of these principles calls for the denial of most of the requests in the separate paragraphs of the motion made by the defendant, Yetman. The requests seek information either not necessary to fulfill the basic purpose of a bill of particulars or are efforts to learn the Government's witnesses or its theory of the case.

■ The Government, however, should respond to several of the requests made. Following the designations in the list of particulars requested, they are: ¶1, ¶6, ¶58, that portion of ¶69 which says: "state what untrue statements other than those specified in Count 1, it is claimed, were made by any of the defendants and co-schemers," so much of ¶70 as requests the place where and date when statements set forth in each of sub-paragraphs 13(a) through 13(n), inclusive, were made, so much of ¶76 as requests what material facts other than those set forth in sub-paragraph 14 are referred to.

With respect to Count 23, the Government is ordered specifically to describe the particular overt act claimed to have been performed by a defendant or co-conspirator, the name of the defendant or co-conspirator who committed the act, and the time and place of its commission.

The remaining requests in the motion for a bill of particulars are denied.

*Ruling on Motion for Production.*

■ The requests in ¶1 and ¶6 are granted. The requests in ¶2 are granted, except for memoranda concerning statements made by the defendant Yetman which are not a "substantial verbatim" account of those statements. The defendant Yetman is not entitled to any reports or memoranda which contain the impression or conclusion of agents of the SEC or which were prepared from the memory

of an agent. cf. Palermo v. United States, 1959, 360 U.S. 343, 352–53, 79 S.Ct. 1217, 3 L.Ed.2d 1287.

The requests in ¶3, ¶4, ¶5, ¶7 and ¶8 are denied.