**UNITED STATES of America**

v.

**Margaret FANCHER.**

**Crim. 10204.**

United States District Court
D. Connecticut.

June 8, 1961.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., for the United States.

Joseph P. Cooney, Hartford, Conn., for defendant.

TIMBERS, District Judge.

Defendant Margaret Fancher moves, pursuant to Rules 16 and 17(c), Fed. R.Crim.P., 18 U.S.C., for production, discovery and inspection of documents prior to trial.

Margaret Fancher was indicted in September 1960 on two counts of willful tax evasion with respect to the years 1954 and 1955. Int.Rev.Code of 1954, § 7201, 26 U.S.C. § 7201.

In February 1960, her husband, Morris Fancher, had been indicted (Crim. No. 10,018) on three counts of willful tax evasion with respect to the years 1953, 1954 and 1955. Int.Rev.Code of 1939, § 145(b), 53 Stat. 62, 26 U.S.C. § 145(b); Int.Rev.Code of 1954, § 7201, 26 U.S.C. § 7201. On June 3, 1960, at the conclusion of a jury trial in the case against Morris Fancher, the Court ordered a mistrial when the jury was unable to agree upon a verdict.

After the indictment of Margaret Fancher in September 1960, the Government moved to consolidate for trial the indictment of Morris Fancher (for a retrial) and the indictment of Margaret Fancher. Rule 13, Fed.R.Crim.P. The Court granted the motion to consolidate, pointing out that the tax returns in issue were joint returns signed and filed by both defendants and that the transactions referred to in the two indictments are therefore identical, except that the charge against Morris Fancher with re-

spect to the year 1953 is not included in the indictment against Margaret Fancher. United States v. Fancher, D.C.D. Conn.1960, 195 F.Supp. 634.

Margaret Fancher now moves for the production, discovery and inspection of the following documents:

(1) All papers obtained from her;

(2) All papers obtained from third parties by seizure or by process;

(3) Any signed statement of the defendant given to the Internal Revenue Service or any branch or agent thereof;

(4) Any unsigned oral but transcribed statement given to the Internal Revenue Service.

By a subpoena duces tecum made returnable at the time of argument of the instant motion, defendant subpoenaed J. Robert Murphy, Chief of the Intelligence Section, Internal Revenue Service, Hartford, Connecticut, to produce "all documents voluntarily turned over to the Government by third parties, including bank records, property records, statements of account and any other records having to do with the financial transactions of this defendant." [1]

### Papers Obtained from Defendant

■ The Government is directed to produce, and to permit defendant or her counsel to inspect and copy, all papers which the Government has obtained from defendant, such papers being among those expressly described in Rule 16.

Although the papers referred to in this branch of defendant's motion are not designated other than "papers obtained from [defendant]", undoubtedly the Government knows what papers it has obtained from defendant; accordingly, under the circumstances here present, more specific designation is not required. United States v. Greater Blouse, Skirt & Neckwear Contractors' Association, Inc.,

D.C.S.D.N.Y.1959, 177 F.Supp. 213, 224; United States v. Kidwell, D.C.W.D.Mo. 1953, 14 F.R.D. 399, 400.

Moreover, the Court holds that defendant has made a sufficient showing of materiality and reasonableness, in compliance with the requirements of Rule 16, to justify the granting of this branch of defendant's motion.

### Papers Obtained from Third Parties by Seizure or by Process

■ The Government is directed to produce, and to permit defendant or her counsel to inspect and copy, all bank records, property records, statements of account and records of financial transactions with defendant which have been obtained from others by seizure or by process and which relate to defendant.

Such records, having been sufficiently designated under the circumstances here present, are among those expressly described in Rule 16. Adequate showing of materiality and reasonableness has been made. United States v. Greater Blouse, Skirt & Neckwear Contractors' Association, Inc., supra, 177 F.Supp. at page 224; United States v. Parr, D.C. S.D.Tex.1955, 17 F.R.D. 512, 515, appeal dismissed 5 Cir., 1955, 225 F.2d 329, affirmed 1956, 351 U.S. 513. 76 S.Ct. 912, 100 L.Ed. 1377.

■ At the time of argument of this motion, the Government urged that the Jencks Act, 71 Stat. 595 (1957), 18 U. S.C. § 3500 (Supp.1957), precluded defendant from obtaining in advance of trial the records sought under this branch of defendant's motion. The Court holds that the Jencks Act is not here applicable; the "statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) to an agent of the government", referred to in 18 U.S.C.

---

1. The Government has not moved to quash or modify this subpoena duces tecum pursuant to Rule 17(c) which provides that "The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." The Court assumes that the failure of the Government to so move is in accord with the wishes of both parties that the Court base its decision on defendant's motion for production, discovery and inspection.

§ 3500, does not embrace existing records obtained by the Government from third parties by seizure or process. Palermo v. United States, 1959, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287; Comment, The Jencks Legislation, 67 Yale L.J. 674, 692 (1958).

### Statement of Defendant Given to Government

■ There is a split of authority as to whether a defendant, under Rule 16 or Rule 17(c), may obtain production, discovery and inspection prior to trial of a statement given by him to the Government.

2. Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L. Ed. 879; United States v. O'Connor, 2 Cir., 1956, 237 F.2d 466, 475–476.

3. Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, 19–20 (conviction for receiving, concealing and retaining government property known to have been stolen reversed and case remanded; not error for District Court to deny defendant's motion under Rule 16 to require Government to produce for his inspection before trial statements signed by him and used in part as basis of a signed confession introduced in evidence);

Fryer v. United States, 1953, 93 U.S. App.D.C. 34, 207 F.2d 134, certiorari denied 1953, 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389 (murder conviction reversed and case remanded; error for District Court to deny pre-trial inspection under Rule 17(c) of statements by defendant and witnesses to Government);

Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 842–845 (Mann Act conviction affirmed; not error for District Court to deny defendant's motion under Rule 16 to require Government to furnish him prior to trial with copy of his statement or confession given to FBI agent).

4. In United States v. Louie Gim Hall, 2 Cir., 1957, 245 F.2d 338, 341, the Court of Appeals, in reversing a bribery conviction on other grounds, referred to the District Court's denial of defendant's pre-trial motion to inspect his statements given to the Government:

"There remains only appellants' contention that it was reversible error to deny their pre-trial motion to inspect the statements made by Wong following his arrest. Since we have decided that the judgment of conviction must be set aside, and the statements have now been dis-

### Appellate Court Decisions

Appellate courts have discussed the relationship between the pre-trial discovery provisions of Rule 16 and the provisions of Rule 17(c) for subpoenaing before trial, or before offering in evidence, designated books, papers, documents or other objects for inspection.[2] Some few appellate courts have dealt with the problem of whether a defendant in a criminal case should be furnished before trial with a statement given by him to the Government.[3] The Court of Appeals for this Circuit has recognized but has not ruled on the question.[4]

closed by the prosecution, we need not decide whether the District Court has the power to order such a disclosure, a question of no little difficulty. See, e. g., Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; Shores v. United States, 8 Cir., 174 F. 2d 838, 11 A.L.R.2d 635; State v. Tune, 13 N.J. 203, 98 A.2d 881; compare United States v. Peltz, D.C., 18 F.R.D. 394, with United States v. Peace, D.C., 16 F.R.D. 423. We deem it not improper to add, however, that, if such power does exist, Judge Kaufman properly exercised his discretion in denying the motion for the reasons stated by him in his opinion reported at D.C., 18 F.R.D. 384."

In United States v. O'Connor, 2 Cir., 1956, 237 F.2d 466, 475–476, the Court of Appeals, in reversing a net worth tax evasion conviction on other grounds, commented on the denial of defendant's motions prior to trial under Rules 16 and 17(c):

"Defendant argues that the trial court erred in denying his motions prior to trial for a bill of particulars and for discovery. Federal Rules of Criminal Procedure 7 (f), 16, and 17(c). Rule 7(f) provides that 'The court for cause may direct the filing of a bill of particulars.' Rule 16 provides for a discovery and inspection of 'designated books, papers, documents or tangible objects * * * upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable.' Rule 17(c) authorizes the issuance of a subpoena *duces tecum* for the production of documentary evidence. Although these rules have different functions and applications, they serve a related purpose: to enable the accused to meet the charges presented against him. They should be liberally

## District Court Decisions

District courts are sharply divided on the question. Some have ordered such statements given to defendants prior to trial;[5] others have refused to do so.[6]

The leading cases are United States v. Peace, D.C.S.D.N.Y.1954, 16 F.R.D. 423, in which Judge Weinfeld ordered a de-

---

interpreted to carry out this purpose. See Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L. Ed. 879; Fryer v. United States, 1953, 93 U.S.App.D.C. 34, 207 F.2d 134, certiorari denied 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389. To the defendant seeking to prepare a defense to a net worth criminal prosecution it is no answer to say that he should have kept better records, or that his memory should have been better. Of course, the defendant must not be allowed to rummage around freely in the Government's files or working papers, or avoid the burdensome chore of preparing for trial; but where he genuinely lacks knowledge, he should not be denied information relevant to his defense by a restrictive interpretation of the Federal Rules of Criminal Procedure. "But in this case we need not decide whether the action of the trial court in denying defendant's motions constituted an abuse of discretion, since we are ordering a new trial for other reasons. Defendant is now fully apprised of the Government's case, and the problem should not arise on retrial."

5 United States v. Berman, D.C.S.D.N.Y. 1959, 24 F.R.D. 26, 31–32 (transcripts of defendants' testimony before SEC ordered produced under Rules 16 and 17 (c) in prosecution for violation of antifraud provisions of Securities ·Act of 1933;

United States v. Shindler, D.C.S.D.N.Y. 1959, 24 F.R.D. 142, 146 (transcripts of defendant's testimony before SEC ordered produced under Rules 16 and 17(c) in prosecution for violation of anti-fraud provisions of Securities Act of 1933 and anti-manipulation provisions of Securities Exchange Act of 1934;

United States v. Brockington, D.C.E.D. Va.1957, 21 F.R.D. 104, 105–107 (oral and written statements by defendants to agents of Alcohol and Tobacco Tax Division of Treasury Department ordered produced under Rule 17(c) in prosecution under Internal Revenue laws relating to distilled spirits);

United States v. Zimmerman, D.C.S.D. N.Y.1957, 20 F.R.D. 587 (signed statement by defendant to FBI agent ordered produced under Rule 16 in prosecution for transporting forged and counterfeited securities in interstate commerce);

United States v. Schluter, D.C.S.D. N.Y.1956, 19 F.R.D. 372 (question and

answer statements by defendants in private SEC investigation ordered produced under Rules 16 and 17(c) in prosecution under Securities Exchange Act of 1934 for misstatements of corporate federal taxes in annual 10–K reports filed with Stock Exchange; inspection of statements to IRS and FBI agents denied);

United States v. Singer, D.C.S.D.N.Y. 1956, 19 F.R.D. 90, conviction affirmed per curiam 2 Cir., 1957, 241 F.2d 717 (signed statement by defendant to FBI agents ordered produced under Rule 16 in prosecution for transporting stolen motor vehicles in interstate commerce);

United States v. Klein, D.C.S.D.N.Y. 1955, 18 F.R.D. 439, conviction affirmed 2 Cir., 1957, 247 F.2d 908, certiorari denied 1958, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (question and answer statements by defendant to IRS agent ordered produced under Rule 16 in prosecution under Internal Revenue laws for conspiracy to defraud United States);

United States v. Peace, D.C.S.D.N.Y. 1954, 16 F.R.D. 423 (signed statement by defendant to post office inspectors ordered produced under Rules 16 and 17 (c) in prosecution for conversion of money and property under their control as post office employees and for conspiracy to defraud the United States; inspection of written statement of co-defendant who pleaded guilty denied under Rule 17(c));

United States v. Carter, D.C.D.C.1954, 15 F.R.D. 367 (signed statements by defendants to Government ordered produced under Rule 17(c) in prosecution against fugitives for receiving and transporting firearms in interstate commerce).

6. United States v. Angelet, D.C.S.D.N.Y. 1960, 26 F.R.D. 408 (examination of unsigned statements by defendants denied under Rule 16 in prosecution for violation of narcotics laws);

United States v. Wortman, D.C.E.D.Ill. 1960, 26 F.R.D. 183, 207–208 (production of memoranda and statements by defendants to Government agents denied under Rule 17(c) in prosecution for income tax evasion);

United States v. Lopez, D.C.S.D.N.Y. 1960, 26 F.R.D. 174, 175 (discovery and inspection of defendant's unsigned statement denied under Rule 16 in prosecution for violation of narcotics laws);

United States v. Acheson, D.C.S.D.N.Y. 1960, 25 F.R.D. 349 (production of un-

fendant's statement produced under Rules 16 and 17(c) (but denied inspec-tion of a co-defendant's statement under Rule 17(c)), and United States v. Peltz,

signed statements by defendant made between time of arrest and time of arraignment denied under Rule 16, and on ground of "no showing of circumstances necessitating its production", in prosecution for mail theft);

United States v. Rothman, D.C.W.D. Pa.1959, 179 F.Supp. 935, 936–939 (issuance of subpoena duces tecum under Rule 17(c) for production of defendant's statement or memorandum of conversation between defendant and officers of Pennsylvania State Police denied in prosecution for transporting stolen goods in interstate commerce; also, production of statement or memorandum of defendant in Government's files, absent averment that statement was signed or unsigned, denied under Rule 16);

United States v. Duncan, D.C.S.D.N.Y. 1958, 22 F.R.D. 295, 299, (production of unsigned transcripts of statements by defendants to Government agents denied under Rules 16 and 17(c), and on ground of "no showing that any special circumstances exist" to warrant court's exercising its discretion pursuant to its inherent authority to grant production, in prosecution for evasion of Internal Revenue laws);

United States v. Jannuzzio, D.C.D.Del. 1958, 22 F.R.D. 223 (production of written statements by defendants to Government representatives, including transcripts of testimony or conferences between defendants and Government representatives, absent averment they were signed, denied under Rules 16 and 17(c) in prosecution under Internal Revenue laws with respect to withholding taxes);

United States v. Bennethum, D.C.D. Del.1957, 21 F.R.D. 227 (discovery and production of written statements or memoranda of defendants to Government agents, as well as transcripts or records of testimony by defendants at meetings or conferences with Government agents, denied under Rules 16 and 17(c) in prosecution for willful failure to file income tax returns);

United States v. Evangelista, D.C.S.D. N.Y.1957, 20 F.R.D. 631, conviction affirmed sub nom. United States v. Kaye, 2 Cir., 1958, 251 F.2d 87, certiorari denied 1958, 356 U.S. 919, 78 S.Ct. 702, 2 L.Ed.2d 714 (production and inspection during trial of unsigned question and answer statement by defendant to Attorney General of State of New York denied under Rules 16 and 17(c), and in exercise of court's discretion, in prosecution for uttering and passing counter-feit Belgian bonds; but statement was furnished to defendant during trial by Government prior to reading portions into evidence);

United States v. Patrisso, D.C.S.D.N.Y. 1957, 20 F.R.D. 576, convictions affirmed in part and reversed in part, 2 Cir., 1958, 262 F.2d 194 (examination and copying of signed statement by defendant to United States Attorney after arrest denied under Rule 16, and in exercise of court's discretion, in prosecution for possessing goods stolen in interstate commerce, transporting such goods in interstate commerce and conspiracy);

United States v. Malizia, D.C.S.D.N.Y. 1957, 154 F.Supp. 511 (inspection and copying of unsigned statements by defendants to Government agents denied under Rules 16 and 17(c), and in exercise of court's discretion, in prosecution for violation of narcotics laws);

United States v. Gogel, D.C.S.D.N.Y. 1956, 19 F.R.D. 107 (inspection of unsigned question and answer statement by defendant to Bureau of Internal Revenue agent denied under Rules 16 and 17(c) in prosecution for income tax evasion);

United States v. Kiamie, D.C.S.D.N.Y. 1955, 18 F.R.D. 421, convictions affirmed 2 Cir., 1958, 258 F.2d 924, certiorari denied, 1958, 358 U.S. 909, 79 S.Ct. 236, 3 L.Ed.2d 230 (discovery and inspection of defendant's question and answer statement to Bureau of Internal Revenue agents denied under Rules 16 and 17(c), and in exercise of court's discretion, in prosecution for income tax evasion);

United States v. Peltz, D.C.S.D.N.Y. 1955, 18 F.R.D. 394 (inspection and copying of defendant's unsigned question and answer statement to Assistant United States Attorney denied under Rules 16 and 17(c) in prosecution for violation of narcotics laws);

United States v. Scully, D.C.S.D.N.Y. 1954, 15 F.R.D. 402, conviction affirmed 2 Cir., 1955, 225 F.2d 113, certiorari denied 1955, 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788 (production of statement by defendant to Government agent denied under Rule 17(c), in exercise of court's discretion and for lack of showing of good cause, in prosecution for conspiracy to defraud the United States in purchase of stationery supplies and printing for use in construction of North African air bases);

United States v. Martel, D.C.N.D.N.Y. 1954, 17 F.R.D. 326, 327 (inspection and copying of statements procured from defendants by Government agents denied

D.C.S.D.N.Y.1955, 18 F.R.D. 394, in which Judge Herlands denied production of a defendant's statement under Rules 16 and 17(c). Both are carefully reasoned decisions by able judges. Each sets forth his respective point of view persuasively and with conviction. Each has attracted a fair share of followers among other judges who have given thoughtful attention to the problem which is as perplexing as it is critical in the administration of criminal justice.

### The Weinfeld Rule

If forced to choose between the competing views, this Court would be disposed, absent a showing of extraordinary prejudice to the Government, normally to order produced before trial a statement which had been given by a defendant to the Government. In doing so, this Court would adhere substantially to the views expressed by Judge Weinfeld in the Peace case—the Weinfeld Rule, for short.

The Weinfeld Rule appeals to this Court for several reasons. It places a premium upon cooperation between an accused and the authorities, making available to one who voluntarily furnishes information adverse to his own interest a copy of his statement, if not at the time of signing (when normally it should be furnished), then certainly prior to trial.[7] It places in proper perspective the Government's chief objection to producing such a statement—fear of perjury —by noting that to assume a defendant will commit perjury strips him to that extent of the presumption of innocence, overlooks the effect of cross-examination if in fact the statement was given voluntarily and disregards the sanctions for perjury.[8] It recognizes that a criminal trial, in which vital interests of the defendant, of the Government and of the public are delicately balanced, should not be treated "as a game of combat by surprise."[9] The Weinfeld Rule, as its distinguished draftsman so appropriately states, "would enhance, rather than diminish, the dignity of the administration of law" and is "in accord with enlightened administration of criminal justice."[10]

under Rule 16 in prosecution for attempting unlawfully to bring an alien into the United States and for conspiracy to violate the immigration laws);

United States v. Pete, D.C.D.C.1953, 111 F.Supp. 292, 293 (furnishing of copies of statements or confessions by defendant to police denied under Rule 16, in the absence of any showing of necessity, in prosecution for embezzlement);

United States v. Cohen, D.C.S.D.N.Y. 1953, 15 F.R.D. 269 (inspection and copying of written statements, transcripts of testimony and written confessions of defendants denied under Rules 16 and 17(c) in prosecution for conspiracy to defraud the United States and to bribe Department of Agriculture egg inspectors to issue false egg certificates);

United States v. Brumfield, D.C.W.D. La.1949, 85 F.Supp. 696, 707–708 (production of statement by co-defendant, who had pleaded guilty, to Federal Petroleum Board denied under Rules 16 and 17(c) in prosecution for conspiracy to obstruct justice by suborning perjury);

United States v. Chandler, D.C.D.Mass. 1947, 7 F.R.D. 365, conviction affirmed 1 Cir., 1948, 171 F.2d 921, certiorari denied 1949, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081 (inspection and copying of statements made by defendant and delivered to representatives of United States Government, together with recordings made by defendant and taken by Government from anyone, denied under Rule 16 in prosecution for treason);

United States v. Black, D.C.N.D.Ind. 1946, 6 F.R.D. 270 (inspection of statements by defendants to Government agents denied under Rule 16 in prosecution for kidnapping and violation of National Motor Vehicle Theft Act.

7. United States v. Peace, supra note 5, 16 F.R.D. at page 424.

8. United States v. Peace, supra note 5, 16 F.R.D. at page 424; cf. Shores v. United States, supra note 3, 174 F.2d at page 845.

9. United States v. Peace, supra note 5, 16 F.R.D. at page 424; Fryer v. United States, supra note 3, 207 F.2d at page 136; Orfield, Discovery and Inspection in Federal Criminal Procedure, 59 W.Va.L. Rev. 221, 239 (1957); Comment, Pre-Trial Disclosure In Criminal Cases, 60 Yale L.J. 626 (1950).

10. United States v. Peace, supra note 5, 16 F.R.D. at pages 424, 425.

*Connecticut District Court Practice*

In this district the problem has not heretofore been dealt with in a reported decision. Until the Court of Appeals for this Circuit has the occasion to rule upon the question, this Court will continue to adhere to the practice which has been followed in this district for some years, namely, in the exercise of the Court's discretion,[11] to grant or deny a motion to produce such a statement in accordance with the circumstances of the particular case.[12]

Among the factors to be considered in the exercise of the Court's discretion, are:

(a) Nature of case—its complexity, period of time covered, number of persons and multiplicity of transactions involved.[13]

(b) Defendant's age, physical and mental condition, extent of education and character.

(c) Circumstances under which statement was obtained from defendant—particularly as bearing upon its voluntary character [14]—including

(i) Proximity to time of arraignment;

(ii) Advice to defendant regarding necessity of giving a statement;

(iii) Whether defendant was informed of purpose for which statement was sought and that it might be used against him in court;

(iv) Whether defendant was represented by counsel or was informed that he was entitled to be so represented.

(d) Likelihood, in view of nature of case, that furnishing defendant

---

11. The Court of Appeals for this Circuit referred to the *discretion* of the district court in making such determination in the two cases in which it has touched upon the problem. United States v. Louie Gim Hall, supra note 4, 245 F. 2d at page 341 (" * * * if such power does exist, Judge Kaufman properly exercised his discretion in denying the motion * * * *"); United States v. O'Connor, supra note 4, 237 F.2d at page 476 (" * * * we need not decide whether the action of the trial court in denying defendant's motions constituted an abuse of discretion * * * ").

Other courts likewise have recognized the discretion in the district court to deal with this problem. Shores v. United States, supra note 3, 174 F.2d at page 843; United States v. Duncan, supra note 6, 22 F.R.D. at page 299; United States v. Evangelista, supra note 6, 20 F.R.D. at page 633; United States v. Patrisso, supra note 6, 20 F.R.D. at page 579; United States v. Malizia, supra note 6, 154 F.Supp. at page 514 and note 1; United States v. Kiamie, supra note 6, 18 F.R.D. at page 424; United States v. Scully, supra note 6, 15 F.R.D. at pages 402–403; United States v. Pete, supra note 6, 111 F.Supp. at page 293.

See Notes on the Rules of Criminal Procedure for the District Courts of the United States, Rule 16, pages 15–16 (1945) : "The entire matter is left with-

in the discretion of the court."; Note, The Scope of Criminal Discovery Against The Government, 67 Harv.L.Rev. 492, 493, 498–499 (1954).

12. See, e. g., United States v. Yetman, D.C.Conn.1961, 196 F.Supp. 473 (transcripts of testimony and signed statements by defendant to SEC or Government agents ordered produced under Rules 16 and 17(c) in prosecution for perjury arising out of SEC investigation); United States v. Yetman and Smiley, D.C.Conn.1961, 196 F.Supp. 569 (transcripts of testimony and signed statements by defendant to SEC or Government agents ordered produced under Rules 16 and 17(c) in prosecution for violation of anti-fraud provisions of Securities Act of 1933, for mail fraud and for conspiracy to defraud the United States by impeding the functions of the SEC); United States v. Aranci, D.C. D.Conn.1961. 28 F.R.D. 12 (inspection and copying of defendant's statement to Government agents subsequent to his arrest ordered under Rule 16 and in exercise of court's discretion in prosecution for violation of narcotics laws).

13. United States v. Shindler, supra note 5, 24 F.R.D. at pages 145–146.

14. United States v. Singer, supra note 5, 19 F.R.D. at page 93; United States v. Peace, supra note 5, 16 F.R.D. at page 424; Rule 5, Fed.R.Crim.P.

with copy of his statement will be conducive to perjury.[15]

(e) Extent to which trial time will be saved by pre-trial production of defendant's statement.[16]

(f) Point of time, with relation to commencement of trial, that furnishing defendant with copy of his statement, if it is to be given to him at all, will be fair to defendant and to the Government.[17]

■ Under the circumstances of the instant case, the Court holds, in the exercise of its discretion, that defendant Margaret Fancher should be furnished with a copy of any signed statement given by her, whether to an agent of the Internal Revenue Service or to any other representative of the Government. At the time she gave such statement, it was her husband, not she, who was charged with income tax evasion. For aught that appears, when she gave her statement, no prosecution of her was contemplated. Not until more than three months after a jury disagreed in the income tax evasion trial of her husband, did the Government indict her upon identical charges with respect to two of the three years involved in the case against her husband and immediately moved to consolidate for trial the indictments against both husband and wife. Margaret Fancher thereupon promptly moved for production of the signed statement she had given to the Government at a time long antedating any contemplated prosecution of her.

The Government is directed to produce, and to permit defendant or her counsel to inspect and copy, any signed statement given by her to the Government.[18]

15. United States v. Peace, supra note 5, 16 F.R.D. at page 424.

16. United States v. Shindler, supra note 5, 24 F.R.D. at page 145; United States v. Schluter, supra note 5, 19 F.R.D. at page 374; United States v. Carter, supra note 5, 15 F.R.D. at page 367.

17. From the standpoint of according a defendant adequate representation by counsel, there are a number of critical points in a criminal proceeding when a lawyer's advice to his client may well be stripped of its effectiveness if the lawyer is in the dark as to the contents of a statement given by his client to the Government:
    (1) Grand jury proceedings.
    (2) Arraignment.
    (3) Plea.
    (4) Motions.
    (5) Cross-examination of Government witnesses.
    (6) Determination of what witnesses to call on behalf of defendant.
    (7) Determination of whether defendant should take witness stand on his own behalf.
    (8) If convicted, proper statement to be made to court at time of sentencing.
    It is hardly an overstatement that a lawyer's advice to his client at every stage of a criminal case is, and quite properly should be, dependent upon the contents of any statement given by his client to the Government.

18. Aside from the power of the court under Rules 16 and 17(c) to order production, discovery and inspection prior to trial of a statement given by a defendant to the Government, there are at least two other grounds upon which production of such a statement may be required:
    (1) Due Process

    In certain instances due process requirements may demand pre-trial discovery of defendant's statement.
    In Application of Tune, 3 Cir., 1956, 230 F.2d 883, 888–892, defendant was convicted of murder in the New Jersey state courts. Prior to trial he sought inspection of his alleged confession, claiming that such discovery would aid him materially in his defense. He argued that absent a copy of his confession his psychiatrist would be unable to conduct a proper examination of him and hence he would be unable to prepare an adequate defense. The Court of Appeals, in affirming the district court's denial of a writ of habeas corpus, recognized that in certain circumstances failure to give defendant a copy of his confession would violate due process; but nevertheless held that in this case no prejudice to defendant had been shown by the Government's failure to turn over the confession. Judge Hastie, in a concurring opinion, stated (230 F.2d 883, 892):
    "* * * in other circumstances, a grave due process question may arise out of the very unsatisfactory practice of deciding upon the admissibility of an alleged confession without first revealing its contents to the defendant and affording him

a reasonable opportunity to use the text itself in support of his claim of coercion."

In Leland v. State of Oregon, 1952, 343 U.S. 790, 801–902, 72 S.Ct. 1002, 96 L.Ed. 1302, a similar argument was rejected by the Supreme Court on the ground that no prejudice to defendant had been shown.

Assuming arguendo that Rule 16 does not confer sufficient power upon the district court to order discovery where due process requires it, the court then would rely upon its inherent power to see to it that the constitutional requirements were complied with. Shores v. United States, supra note 3, 174 F.2d at page 845. As Judge Kaufman has so cogently stated:

"If due process considerations are involved there must necessarily be some inherent authority in the federal courts to vindicate the constitutional guarantees by allowing discovery when dictated by compelling circumstances. Though precluded from proceeding under rule 16 the courts remain free to direct discovery under their inherent authority to administer criminal justice in federal courts."

Kaufman, Criminal Discovery and Inspection of Defendant's Own Statements In The Federal Courts. 57 Col.L.Rev. 1113, 1121 (1957).

(2) *Administrative Procedure Act*

To the extent that defendant's statements here sought are in the form of transcripts, signed or unsigned, of testimony given by her during the course of an IRS investigation, conducted either by IRS agents or with IRS agents present, she would be entitled to obtain copies of such transcripts, or to inspect such transcripts if the investigation was a nonpublic one.

Section 6(b) of the Administrative Procedure Act, 60 Stat. 240 (1946), 5 U.S.C.A. § 1005(b), in relevant part, provides:

"Every person compelled to submit data or evidence shall be entitled to retain or, on payment of lawfully prescribed costs, procure a copy or transcript thereof, except that in a nonpublic investigatory proceeding the witness may for good cause be limited to inspection of the official transcript of his testimony."

An IRS income tax investigation is subject to the provisions of 5 U.S.C.A. § 1005(b). Torras v. Stradley, D.C.N.D. Ga.1951, 103 F.Supp. 737, 740 (witness who was bookkeeper, secretary and dental assistant for dentist whose tax liability was under investigation held not entitled to have personal stenographer present since "provision of 5 U.S.C.A. § 1005(b), that a witness should have a right, under certain circumstances and conditions, to a copy of the transcript of his testimony refers to 'the official transcript'.")

Likewise, the provisions of 5 U.S.C.A. § 1005(a), granting to witnesses summoned to appear before IRS agents the right to the presence and advice of counsel, have been held applicable to IRS income tax investigations. Backer v. Commissioner, 5 Cir., 1960, 275 F.2d 141; United States v. Smith, D.C.D.Conn.1949, 87 F.Supp. 293. In the Smith case, Judge Smith stated (87 F.Supp. 293, 294):

"The Act is intended to establish uniform standards of fairness for the dealings of administrative bodies with the citizen. Where two interpretations are possible, one of which would narrow, the other broaden, the categories of citizens touched by the administrative process to which protection is extended, we should prefer the broader interpretation. The adjudicative functions of the Internal Revenue Bureau are specifically exempted from the Act. It is significant that the section on ancillary matters in issue here is not so exempted.

"We hold, therefore, that witnesses summoned to appear before Special Agents have the right to the presence and advice of counsel."

There would appear to be no room for doubt that 5 U.S.C.A. § 1005(b) applies to an IRS income tax investigation. The IRS as an agency is an "authority * * of the Government of the United States" within the definition of "agency" in 5 U.S.C.A. § 1001(a). Absent specific exemption in the statute, all sections of the Administrative Procedure Act apply to such an "agency". S.Rep. No. 752, 79th Cong., 1st Sess. 8 (1945); H.R.Rep. No. 1980, 79th Cong., 2d Sess. 16 (1946). An IRS income tax investigation is not exempt from the provisions of 5 U.S.C.A. § 1005(b), either by the terms of that section or by any other provision of the statute. The Treasury Department in 1957 responded to a questionnaire of the Dawson Committee of the House of Representatives: "None of the functions of the Treasury Department is exempt from any of the provisions of the Administrative Procedure Act except as specified therein * * *" House Comm. on Government Operations, Survey and Study of Administrative Organization, Procedure and Practice in the Federal Agencies, 85th Cong., 1st Sess. 1064 (1957).

## Oral but Transcribed Statement of Defendant Given to Government

Despite the distinction drawn in at least one case between written and oral statements (discovery of written statements granted, but denied as to oral statements),[19] this Court, with deference, believes that the ends of justice will be best served by adhering to the settled practice in this district of determining on the facts of each case whether to exercise its discretion to order production of defendant's statements—be they written or oral.

Under the circumstances of this case, the Court finds no rational basis for distinguishing between written and oral statements given by defendant to the Government.

The Government is directed to produce, and to permit defendant or her counsel to inspect and copy, any unsigned oral but transcribed statement given by her to the Government.

## Conclusion

Defendant's motion is granted in all respects. An order has been entered directing that the Government produce the documents designated in defendant's motion and permit defendant to inspect and copy them at the office of the United States Attorney in Hartford; that such inspection and copying may be done by defendant, her counsel, accountant or other duly authorized representative of defendant; that the cost of copying the documents shall be borne by defendant;

That Congress intended a transcript covered by 5 U.S.C.A. § 1005(b) to be made available in subsequent judicial proceedings, is reflected in the House Report on the Administrative Procedure Act, specifically referring to Section 1005 (b), H.R.Rep. No. 1980, 79th Cong., 2d Sess. 33 (1946):

"Parties should in any case have copies or an opportunity for inspection in order to assure that their evidence is correctly set forth, to refresh their memories in the case of stale proceedings, and to enable them to be advised by counsel. They should also have such copies when-

and that the documents at all times are to remain in the custody of the United States Attorney or his duly authorized representative.

ever needed in other judicial or administrative proceedings."

Likewise, statements of defendants in the form of transcripts of testimony before the SEC in public or private investigations can be obtained pursuant to 5 U.S.C.A. § 1005(b). Rules 3(b), 25(d) and 26(d), SEC Rules of Practice, effective October 1, 1960; 17 C.F.R. §§ 201.3 (b), 201.25(d), 201.26(d) (Supp.1961); cf. United States v. Schluter, supra note 5, 19 F.R.D. at pages 373–374.

19. United States v. Singer, supra note 5, 19 F.R.D. at pages 92–93.