**UNITED STATES of America**

v.

Herbert L. WERNIKOVE, a/k/a Herbie Wernikove, Samuel Wernikove, Jean Wernikove, Abraham Wernikove, Abraham Ulitsky, a/k/a Al Ulitsky, Anna M. Ulitsky and Elaine Oxenfeldt.

Cr. No. 20988.

United States District Court
E. D. Pennsylvania.

Jan. 4, 1963.

See also D.C., 206 F.Supp. 407.

Drew J. T. O'Keefe, U. S. Atty., Lawrence Prattis, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Samuel Dash, Dash & Levy, Philadelphia, Pa., for Abraham and Anna M. Ulitsky.

GRIM, District Judge.

Defendant Abraham Ulitsky has moved for leave to inspect statements given by him to government agents. The problem posed by this motion came before our court recently in the case of United States v. Steely, 32 F.R.D. 244 (Criminal No. 21028), in which Judge Van Dusen, citing many authorities, refused the defendant's request to inspect his statements. I can see no substantial difference between that case and this. Consequently the motion of Abraham Ulitsky for leave to inspect the statements given by him to government agents will be denied.

Defendants Abraham Ulitsky and Anna Ulitsky have filed motions for leave to inspect the testimony they gave before the grand jury. The problem involved in these motions is very similar to that presented by the motion to inspect statements. The object of both motions, I suspect, is to make sure that the defendants will not give testimony at the trial at variance with their previous statements and testimony, since to be confronted on cross-examination with prior inconsistent statements might be damaging to their case. The only reason these defendants advance in support of these motions is that because of the passage of time they no longer remember what they said before the grand jury. This is not enough to move the court to exercise its discretion to permit these defendants to inspect their grand jury testimony, and these motions will be denied.

Defendants Abraham Ulitsky and Anna Ulitsky have each filed motions to permit them to inspect and copy or photograph

"all books, papers, documents, and tangible objects relating to the within cause and in the possession of the government, which items were (1) obtained from the defendant, or (2) belonged to the defendant, or (3) were obtained from others by seizure or process."

The ground advanced for the motion is "that the inspection and copying of the above items which contain information as to the alleged charge is material and necessary for proper preparation of the defense."

F.R.Crim.P. 16 provides:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. * * *"

The government notes in its brief that in several respects the requirements of Rule 16 have not been met. Rule 16 permits discovery of designated articles, but defendants' motion is for discovery of "all" articles, designating none. Moreover, the only "showing that the items sought may be material" to the preparation of the defense is the bald and unsupported statement in the motion that inspection and copying are material and necessary for proper preparation of the defense.

■ Under the Federal Rules of Civil Procedure, discovery on behalf of litigants has become an every day affair. "It was intended by the rules [of Criminal Procedure] to give some measure of discovery" in criminal cases, Bowman Dairy Co. v. United States, 341 U.S. 214, 218, 71 S.Ct. 675, 95 L.Ed. 879 (1951). Discovery in criminal proceedings, however, cannot be expected to attain the wide scope and mutuality which it has attained in civil matters because of the Fifth Amendment prohibition against self-incrimination. Nevertheless, the spirit of discovery is spreading in criminal cases, although it has limits.

Defendants cite United States v. Fancher, 195 F.Supp. 448 (D.Conn.1961) in which the court permitted a considerable degree of discovery to the defendants, but the court there pointed out, 195 F. Supp. at p. 450:

" * * * the Court holds that defendant has made a sufficient showing of materiality and reasonableness, in compliance with the requirements of Rule 16, to justify the granting of this branch of defendant's motion."

Since the moving defendants have made no such showing and since they have not designated the articles they seek they have not established any strong right to discovery.

■ In the exercise of discretion, however, I deem it just and reasonable that the moving defendants be permitted to inspect and copy (a) all their own documents and (b) all other documents not their own but which were in their possession, which were obtained by the government from the moving defendants for the prosecution of this case.

■ The same defendants have caused a subpoena duces tecum to be issued under F.R.Crim.P. 17(c), directed to the United States Attorney and one of his Assistants, directing them to produce in advance of trial

"all documents, books, papers and objects obtained by government counsel, in any manner (a) in the course of the investigation by the grand jury which resulted in the return of the indictment herein, and (b) in the course of the Government's preparation for the trial of this cause if, such books, papers,

documents and objects, (a) have been presented to the grand jury; or (b) are to be offered as evidence on the trial of the defendants, or any of them, under said indictment."

The government has moved to quash the subpoena.

Rule 17(c) provides:

" * * * The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial * * * and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

The Supreme Court dealt with the general problems of discovery under Rule 16 and pre-trial subpoenas under Rule 17(c) in Bowman Dairy Co. v. United States, supra. The holding of that case was that a subpoena duces tecum under Rule 17(c) might be used only to obtain evidentiary materials, but it was careful to point out (341 U.S. p. 221, 71 S.Ct. 675, 95 L.Ed. 879) that the petition for discovery must not incorporate "a catch-all provision, not intended to produce evidentiary materials * * * merely a fishing expedition to see what may turn up."

The moving defendants have patterned their subpoena on that used in the Bowman Dairy case. The government contends that the subpoena in the present case goes much farther because it does not contain the exclusion used in the Bowman subpoena,[1] and because it is not (as in the Bowman subpoena) restricted to materials obtained other than by seizure or process. It should be noted, however, that the Bowman case did not turn upon these exclusions from the reach of the subpoena.

The government cites United States v. Iozia, 13 F.R.D. 335 (S.D.N.Y.1952)[2] as

establishing the elements of good cause to be shown by a defendant to entitle him to such a subpoena, 13 F.R.D. at p. 338:

1. That the materials are evidentiary and relevant.

2. That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence.

3. That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial.

4. That the application is made in good faith and is not intended as a general fishing expedition.

In point of fact, the moving defendants have not established any of these elements of good cause. Because of this, and because their motion under Rule 16 is being granted in part, thereby making the subpoena unnecessary, the government's motion to quash the subpoena will be granted. Another factor which I have weighed in exercising discretion to grant the government's motion is the fact that as to the two moving defendants this is not a long and complex case in which those defendants are likely to be confronted at trial with a great mass of unexpected documentary evidence which would require careful and time-consuming study in order to be understood, as in some cases such as, for instance, an income tax prosecution based on the net worth theory. This is a conspiracy case involving one transaction with a bankrupt.

Defendants Abraham Ulitsky and Anna Ulitsky have severally moved for relief from prejudicial joinder. This case arises out of an involuntary bankruptcy proceeding against Herbert L. Wernikove, it being charged that he

---

1. "except memoranda prepared by Government counsel, and documents or papers solicited by or volunteered to Government counsel which consist of narrative statements of person or memoranda of interviews."

2. Cited in United States v. O'Connor, 237 F.2d 466, 476 (2d Cir., 1956).

and members of his family conspired to violate the bankruptcy laws. Abraham Ulitsky, an uncle, is charged with the conspiracy. Anna Ulitsky, an aunt, is charged with the conspiracy and specifically with having knowingly and fraudulently received a material amount of property from the bankrupt after the filing of a bankruptcy proceeding against him, with intent to defeat the bankruptcy law, in violation of 18 U.S.C. § 152. Each of the two motions for relief from prejudicial joinder (a) denies that the moving defendant engaged in any conspiracy with any of the other defendants, (b) states that other counts of the indictment contain charges against other defendants concerning dates, places and offenses not related to the charge or charges against the moving defendants, evidence of which will be unnecessary and irrelevant to the charge or charges against the moving defendant, and (c) avers that compelling each moving defendant to stand trial with all the other defendants named in the indictment would be prejudicial and would deprive the moving defendant of a fair trial because evidence against other defendants would be inadmissible against him, resulting in a confusion of issues and a prejudicial atmosphere.

I cannot agree with these contentions. The trial judge will certainly charge the jury clearly and thoroughly on the way in which the evidence in the case applies to each count of the indictment and to each defendant. If any defendant wishes to submit points for charge to protect him, I am confident that the trial judge will give such points full and careful consideration. The motions for relief from prejudicial joinder will be denied.

### ORDER

AND NOW, January 4, 1963, (a) the motion of Abraham Ulitsky, a/k/a Al Ulitsky, for leave to inspect statements given by him to government agents is denied; (b) the motions of Abraham Ulitsky, a/k/a Al Ulitsky, and Anna Ulitsky for leave to inspect their testimony before the grand jury are denied; (c) the motions of the same two defendants for discovery and inspection of documents are granted with respect to all documents belonging to them and all documents not their own, which were in their possession and which the government obtained from them for the prosecution of this case; and with respect to all other documents the motions for discovery and inspection are denied; (d) the motions of the same two defendants for relief from prejudicial joinder are denied; and (e) the government's motion to quash the subpoena issued at the instance of the same two defendants for the production of documents prior to trial is granted.