UNITED STATES of America,
Plaintiff,

v.

Manuel de Jesus **BORIA**, aka Nicolas de
Jesus Boria, Defendant.

Crim. No. 92–73.

United States District Court,
D. Puerto Rico.

Oct. 25, 1973.

U. S. Atty., San Juan, P. R., for plaintiff.

John L. A. C. de Passalacqua, University of Puerto Rico, Río Piedras, P. R., for defendant.

ORDER

TOLEDO, Chief Judge.

This case is before the Court pursuant to defendant's motion for bill of particulars and motion for provision of Spanish language interpreter and record. The Court having had the benefit of the memorandum filed by the parties and being otherwise fully advised upon the premises, finds that both defendant's motions should be denied and are hereby denied.

The motion of bill of particulars submitted by the defendant on September 3, 1973, was not resolved on the merits. As to that motion, the Court instructed attorney for the defendant to meet with the United States Attorney to effect informal discovery as required by Rule 2 of this Court. After such session if defendant's counsel was not satisfied as to any of the particulars, he had requested, he was to come forward by way of mo-

tion. Subsequent to the informal session of discovery being held, counsel for the defendant filed a second motion for particulars which the Court now considers.

■ It appears that at the informal discovery session the defense was provided by the prosecution with all the information requested and, in fact, the defense was given more discovery than that which is allowed by the Federal Rules of Criminal Procedure and particularly by Section 3500 of Title 18, United States Code. The so called additional particulars requested in this second motion are nothing more than a request by the defendant that this Court order the Government to produce the informer and make him available to the defense. The Court finds this request too far fetched and can find no basis in the law to compel the Government to comply with such request.

■■ Under Section 3500, supra, the Government is not even required to furnish the names of the prosecution witnesses in advance of trial to the defense, and the function of the bill of particulars does not provide for such a purpose. See Yeargain v. United States, 9 Cir., 314 F.2d 881; United States v. Yetman, 196 F.Supp. 569, 570 (D.C.Conn.1961):

The leading case on the question of the identity of the informer is Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. Even under the most liberal interpretation of this case the Government cannot be compelled to do more than provide the name and last known address of the informer and only after a showing by the defendant of materiality of said witness to his case. Although the defendant has not made such a showing, the Court finds that the Government has nevertheless provided the name and last known address of the informer in this case.

The other particular requested in the motion, the Court finds that was voluntarily provided by the Government when it furnished copies of BNDD Form 202 dated April 5 and May 7, 1973, respectively.

Defendant's motion for provision of Spanish language interpreter and records is basically a request on the part of the defendant to alter the present method now in use by this Court of providing interpreter in those instances where either the defendant or the witnesses are unable to speak or understand English. The gist of this motion is a petition to this Court for the adoption of the following measures:

1. Establishment of a system of a simultaneous translation of English to Spanish and Spanish to English. Such system to be implemented by the use of electronic equipment intended for that purpose.

2. Establish a system whereby the original testimony and the translated testimony may be recorded and reported.

3. Establish an original language record and a translated record where the former shall be controlling upon the latter.

Additionally, defendant requests that if the Court should deny any part of the aforesaid motion, then it is prayed that this Court initiate proceedings to convene a three judge court for the purpose of challenging the constitutionality of Section 42, 39 Stat. 966, as amended, on the basis that it is repugnant to the Constitution of the United States, Articles 5, 6 and 14.

The necessity for this novel system proposed by the defendant is predicated upon the contention that he is unable to speak or understand English and that some of the witnesses will present their testimony in English and that the translation to be made by the Court interpreter will not be accurate. The Court has studied very carefully defendant's memorandum and is not persuaded by the arguments in support of the same.

The Court notes that the defendant has not been able to present to the Court one single case in support of his contention, instead, defendant refers by analogy to the system used during the Nuremberg and Tokyo war criminal trials

following World War II. Such reference cannot stand logical analysis.

Those cases involved an International Tribunal where all the judges, attorneys, defendants, witnesses and the public all spoke different languages. In fact, it required that the testimony be translated not from one language to another, as the case here, but to several different languages at the same time. Therefore, the need for the simultaneous translation was imperative; otherwise, the Court could not function. Such is not the case here. This Court has never been faced with the problem of multiplicity of language that confronted the Court during the Nuremberg trials. For in this District, unlike Nuremberg, the Court, the attorneys, the jurors and the personnel of this Court are required to be both fluent in English and Spanish. In those cases where the accused is unable to comprehend either language, an interpreter is provided and when a witness testifies, in Spanish an interpreter is also provided.

■ This Court finds no valid reason for changing the present system unless so authorized by Congress, for one that appears to be cumbersome, expensive and inefficient. The procedure suggested by the defendant rather than expedite the trial and do away with some of the difficulties that the present system may have, the Court feels would create far more and serious difficulties. To implement such a system would require the installation of a great amount of sophisticated electronic equipment, which is apt to malfunction almost at any time thus creating a forced and unnecessary delay.

Far more important, the Court is convinced that the present system protects far better the right to a public trial to which every defendant is entitled. Under the system now in use everyone in the Courtroom can listen to what is being said in two languages. Under the method proposed by the defendant, if additional equipment is not furnished to the public so they can hear the proceedings they would only be able to hear half of what is being said, thus detracting not only from the right of the defendant but to the solemnity of the proceedings.

Under the present system everyone in the Courtroom can hear what is being said and what is being translated and if there is any discrepancy between what is being said and what is being translated, the matter can be immediately corrected and the parties have the opportunity to object to any part of the translation. The interpreter has then an opportunity to either correct the translation or reaffirm his original translation. In this latter instance, the party having objection can note it for the record and save it for appeal if that is what he wishes. Thus in this fashion the suggestion made in Bordas & Co. v. Pizarro Serrano (CCA1 1963), 314 F.2d 291 is fully satisfied.

■ The Court further finds that the present method does not in any way contravene the constitutional mandates of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. This Court is of the opinion that the inherent disadvantage of the proposed method overwhelm the single advantage suggested by defendant, which is to cut down on time of direct and cross examination of the witnesses which would testify in Spanish by one half (½) the time.[1] This alleged disadvantage, the Court feels, actually is an advantage for when a testimony is translated the Court and people involved are able to hear it twice and if for some reason they were inattentive the first time it was said, they have an opportunity to rehear it again and thus have a second chance of hearing something that may escape them the first time.

Wherefore, in view of the foregoing, the second motion for bill of particulars and the motion for provision of Spanish language interpreter and records are hereby denied.

It is so ordered.

---

1. It is only at these times when the "interrupting" occurs, when witnesses testify in Spanish under either direct or cross examination. *At all other times, the translation is* simultaneous and only for the benefit of the accused.